542 So.2d 774 (1989)
Luke AGUILLARD, Plaintiff-Appellee,
v.
INDUSTRIAL CONSTRUCTION COMPANY, INC., et al., Defendants-Appellants.
No. 88-48.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
Young, Burson, Ortego, Hoychick & Aguillard, I. Jackson Burson, Eunice, for plaintiff-appellee.
*775 Tate & McManus, Vernon C. McManus, Eunice, for defendants-appellants.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
Luke Aguillard commenced these proceedings to recover worker's compensation disability benefits, penalties, attorney's fees and costs, for the allegedly premature termination of his disability benefits. Aguillard named as the defendants: (1) Industrial Construction Company, Inc. (Industrial Construction), and (2) United States Fidelity & Guaranty Company (USF & G), Industrial Construction's worker's compensation insurance carrier.
Aguillard sustained an injury to his back on August 28, 1985, while working as a union painter for Industrial Construction. The plaintiff was lifting one hundred pound sacks of sand to assist sandblasting operations when he felt a sharp pain in his lower back. He immediately ceased working and reported the injury to his employer.
USF & G commenced compensation payments, both disability and medical payments, but ceased paying the disability benefits on October 9, 1986. The defendant discontinued the disability payments on the grounds that by October 9, 1986, Aguillard would have been physically able to return to work except that he suffered additional debilitating injuries to his back on July 17, 1986. The injuries Aguillard allegedly sustained on July 17, were not work-related. They were the result of a vehicular accident in which the pick-up truck the plaintiff was driving was struck in the rear while he was stopped at a traffic light.
USF & G continued to pay Aguillard's medical expenses and was paying those compensation benefits at the time of trial. It was stipulated that the compensation carrier continued to pay Aguillard's medical expenses out of an abundance of caution because it was unable to distinguish between the expenses incurred as a result of Aguillard's work-related injuries and the injuries he allegedly sustained in the traffic accident.
The issues before the Trial Court were essentially the same as the issues before us on appeal. The issues were:
(1) What was the extent of Aguillard's disability and was it work-related;
(2) Did USF & G discontinue Aguillard's worker's compensation disability benefits without evidence "reasonably controverting" the lack of a work-related cause, thereby, entitling the claimant to penalties pursuant to La.R.S. 23:1201(E) (1950) (amended 1954 and 1983); and
(3) Did USF & G discontinue Aguillard's disability benefits arbitrarily, capriciously or without probable cause, thereby, entitling the claimant to reasonable attorney's fees pursuant to La.R.S. 23:1201.2 (1958) (amended 1983).
The Trial Court rendered judgment in favor of Aguillard. The Court held that Aguillard's injuries were work-related and that he was entitled to weekly disability benefits in the amount of $248.00 during the period of his temporary total disability. The Court also held that Aguillard was entitled to statutory penalties in accordance with R.S. 23:1201 and attorney's fees in accordance with R.S. 23:1201.2. Aguillard was awarded $4,500.00 in attorney's fees.
Industrial Construction and USF & G sought this appeal. The defendants maintain that the Trial Court erred in concluding that Aguillard's disabilities were work-related and erred in assessing penalties and attorney's fees. Aguillard answered the defendant's appeal and seeks an additional $1,500.00 in attorney's fees for the efforts of his attorney subsequent to trial. Subsequent to our review of the law and the evidence, we are unable to conclude that the judgment of the Trial Court is manifestly erroneous. Virgil v. American Guarantee & Liability Insurance Company, 507 So.2d 825 (La.1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The initial issue on appeal calls into question the conclusion of the Trial Court that Aguillard's back injuries were work-related, rather than the result of the July 17, 1986, automobile accident. Testifying as to *776 the source of Aguillard's back injuries, in addition to the plaintiff and his wife, were six doctors. The doctors were: (1) Dr. Bobby Deshotel, the plaintiff's general practitioner; (2) Dr. John Patrick Higgins, a specialist in radiology and nuclear medicine who performed an initial CT Scan on Aguillard on August 28, 1985; (3) Drs. Dean Moore and William Franklin Foster, partners in a neurosurgical medical practice who saw the plaintiff on a rather alternating basis; (4) Dr. Joseph Riley Reed, Jr., who performed a second CT Scan on Aguillard on August 1, 1986; and (5) Dr. John D. Jackson, a neurosurgeon who initially saw Aguillard on September 19, 1986.
Excepting the testimony of Dr. Moore, whose deposition was equivocal, and Dr. Foster, who was emphatic that Aguillard's condition was not work-related, the evidence strongly supports the conclusion of the Trial Court that the vehicular accident did not further debilitate the plaintiff. While the testimony did establish that Aguillard's injuries were aggravated by the accident, the evidence suggests that the aggravation was very temporary in nature. It did not further injure the plaintiff's primary back injuries, an L-1 compression fracture and a herniated or bulging disc at the L-4-5 level. The evidence presented, particularly a comparison of the CT Scan taken prior to the accident with the one taken after the accident, revealed approximately the same degree of herniation. Dr. Foster also disagreed with this conclusion, and was the only doctor who specifically found the plaintiff's injuries not to be work-related.
The second issue on appeal requires that we review the decision of the lower court assessing the defendants with the statutory penalties provided by R.S. 23:1201(E). That statute provides that a worker's compensation claimant is entitled to a penalty in the amount of twelve percent on any unpaid compensation installment when the employer or insurer is found to have withheld payment without evidence to "reasonably controvert" the employee's right to benefits. This Court, in Chelette v. American Guarantee & Liability Insurance, Inc., 480 So.2d 363, 367 (La.App. 3rd Cir.1985) announced the following test for determining when a claimant's right to benefits has been "reasonably controverted":
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant.
Subsequent to our review of the lay and expert testimony in this case, we do not believe the Trial Court was manifestly erroneous in awarding Aguillard penalties. Cf., Breaux v. Marine Electric & Reliance Insurance Company, 369 So.2d 196 (La. App. 3rd Cir.1979), writ denied, 371 So.2d 1344 (La.1979). The evidence indicates that the worker's compensation carrier was aware of the possibility of serious injuries to Aguillard's back. The evidence further reveals that Aguillard's disability payments were discontinued in reliance only upon Dr. Foster's opinion. Given USF & G's knowledge of the substantial medical evidence countering Dr. Foster's position, we are unable to conclude that the Trial Court was manifestly erroneous in determining that the worker's compensation carrier did not have a reasonable basis for denying the plaintiff benefits. The new standard requires a review of all the information in the possession of the compensation carrier, and in this instance, further diligent investigation by USF & G was called for prior to Aguillard's termination.
The third issue on appeal calls into question the Trial Court decision awarding Aguillard attorney's fees pursuant to R.S. 23:1201.2. Section 1201.2 provides that worker's compensation claimants are entitled to reasonable attorney's fees when an employer or the employer's worker's compensation insurer arbitrarily, capriciously or without probable cause discontinues paying compensation benefits. Given the *777 amount of evidence contained in USF & G's file indicating serious injuries, we are unable to say the trial court was clearly wrong in awarding plaintiff attorney's fees.
Aguillard, in his answer to USF & G's appeal, sought an increase in his attorney's fee award. The plaintiff maintains that the award should be increased $1,500.00 to reflect the additional time incurred by his attorneys in preparing his appeal. Section 1201.2, supra, provides for the award of "all reasonable attorney's fees for the prosecution and collection" of a compensation claim which has been denied arbitrarily, capriciously or without probable cause. We believe that the plaintiff is entitled to an increase in his attorney's fee award, which we assess at $750.00.
Aguillard additionally argues that subsequent to recovering from his back injuries he will be entitled to Supplemental Earnings Benefits because he will not be able to return to his former line of work. La.R.S. 23:1221 (1950) (amended 1968, 1975 and 1983). The plaintiff did not raise this issue in his answer, but rather, attempted to raise it in his brief. We, therefore, do not believe it is properly before us. La.Code Civ.Proc. art. 2133 (1960) (amended 1968 and 1970).
For the above and foregoing reasons the judgment of the District Court is amended to increase Luke Aguillard's attorney's fee award by $750.00 in connection with the appeal. The judgment in all other respects is affirmed.
All costs of this appeal are assessed against Industrial Construction Company, Inc. and United States Fidelity & Guaranty Company.
AMENDED AND AFFIRMED.