563 So.2d 909 (1990)
Johnny FONTENOT, Plaintiff-Appellee,
v.
T.L. JAMES & COMPANY, INC., et al., Defendants-Appellants.
No. 89-65.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1990.
Clyde Fontenot, Ville Platte, for plaintiff-appellee.
Onebane, Donohoe, John F. Wilkes, III, Lafayette, for defendants-appellants.
Before LABORDE, KNOLL and KING, JJ.
KNOLL, Judge.
Defendants, T.L. James & Company, Inc. (T.L. James) and Highlands Insurance Company (Highlands) suspensively appeal *910 an adverse judgment. The trial court awarded benefits finding that the plaintiff was temporarily and totally disabled as a result of an automobile accident on October 28, 1987, while in the course and scope of his employment and also awarded $5000 attorney fees and penalties for the defendants' arbitrary and capricious termination of benefits.
Defendants contend the trial court erred in: (1) finding that plaintiff was temporarily and totally disabled as a result of the automobile accident and (2) finding that their actions were arbitrary and capricious warranting the award of attorney fees and penalties.

FACTS
At the trial on the merits, all litigants stipulated that the plaintiff was injured in an automobile accident on October 28, 1987, in Grant Parish while in the course and scope of his employment; that the plaintiff was receiving $212.63 in weekly compensation benefits; that the plaintiff saw only three physicians, Dr. J. Frazier Gaar, Dr. A. John Tassin and Dr. J. Robert Rivet; and, that the defendants terminated his weekly compensation benefits on March 4, 1988.
Fontenot was treated by Dr. Tassin, a general practitioner, on November 5, 1987, for injuries received in the accident. He complained of generalized headaches, generalized pain on the left side of his body, and weakness in his left leg. Dr. Tassin testified that Fontenot's neck, left shoulder, and lower back were tender with decreased ranges of motion and that his left wrist was tender and swollen. X rays of Fontenot's lower back, neck, and left wrist revealed no fractures. Dr. Tassin diagnosed Fontenot's condition as posttraumatic headaches, cervical and lumbar sprains, and musculoligamentous injuries to the left shoulder, left thigh, and left wrist. Dr. Tassin prescribed physical therapy and pain medication for the injuries. Although physical therapy proved beneficial, one week later, Fontenot returned to Dr. Tassin for continued pain in his lower back, left hip, and left shoulder.
At the request of Harvey Hemphill, the claims officer for the defendants, on November 18, 1987, Fontenot saw Dr. Gaar, an orthopaedic surgeon, for an examination. X rays of his left wrist, neck, and lower back were normal. Dr. Gaar also performed a complete clinical examination including a straight leg raising test, all of which were normal. Dr. Gaar found no objective signs of injury to support the subjective complaints of Fontenot and diagnosed his condition as a soft tissue injury. Dr. Gaar advised Fontenot to continue seeing Dr. Tassin for treatment and medication.
On December 2, 1988, Fontenot saw Dr. Tassin and complained of pain in his lower back, left side of his body, left leg, and head. Dr. Tassin indicated that the left straight leg test was abnormal and maintained the medication. On January 4, 1988, Fontenot informed Dr. Tassin that his headaches, shoulder and neck pain had lessened, but the lower back pain remained. Dr. Tassin continued his medication and told Fontenot that he would refer him to Dr. Gaar if his condition did not improve. On January 27, 1988, Dr. Tassin referred Fontenot to Dr. Gaar.
On March 1, 1988, Dr. Gaar ordered X rays of Fontenot's left shoulder, left wrist, and lower back and a CAT scan of the lumbar area of the back. All tests were normal and Dr. Gaar released Fontenot to return to work. Dr. Gaar examined Fontenot on April 26, 1988, reaffirmed that all tests were normal and indicated there was no medical reason which would prevent him from returning to his former employment.
On May 11, 1988, Dr. Tassin examined Fontenot and scheduled an appointment for Fontenot to see Dr. Rivet, a neurosurgeon in Lafayette, because of continued pain.
Dr. Rivet's examination revealed that Fontenot had hip joint problems. Based on the diagnosis of myofascial-type syndrome with a possible degenerative disc, Dr. Rivet recommended an MRI before implementing any treatment. Although Dr. Rivet did receive and analyze the CAT scan from Dr. Gaar and agreed that it was normal, he opined that more diagnostic tests were *911 needed in evaluating Fontenot's medical condition. In his practice of medicine, he utilizes more diagnostic tools than just a CAT scan in the detection and evaluation of possible neck or back injuries.
Dr. Tassin examined Fontenot on June 9, July 25, August 15, and September 6, 1988, and maintained that Fontenot should not return to work.
After considering the evidence, the trial court concluded that plaintiff was temporarily and totally disabled and that the defendants were arbitrary and capricious in discontinuing benefits. The trial court awarded statutory penalties of 12%, attorney fees of $5,000 and assessed all costs of trial to the defendants.

TEMPORARILY AND TOTALLY DISABLED
In their first assignment of error, T.L. James and Highlands contend the trial court erred in concluding that the plaintiff, Fontenot, was temporarily and totally disabled as a result of the October 28, 1987, automobile accident.
To recover worker's compensation benefits under Louisiana law, an employee must establish that he received a "personal injury by accident arising out of and in the course of his employment." LSA-R.S. 23:1031. An injured employee is temporarily totally disabled if he is unable to pursue any gainful employment without experiencing substantial pain. Guidry v. United Furniture Dist., 544 So.2d 100, 104 (La. App. 3rd Cir.1989). Moreover, one who alleges disability because of an inability to perform his normal or regular duties without substantial or appreciable pain must establish the existence of that condition by a reasonable certainity and by a fair preponderance of the evidence. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980). In determining whether a claimant has met his burden of proof, the reviewing court examines both the medical and lay evidence. Guidry, supra. As an appellate court, we are constrained on review by not disturbing a trial court's factual findings unless manifestly erroneous. Duhon v. Acadiana Transmissions, 517 So.2d 946 (La.App. 3rd Cir.1987).
In the case sub judice, both the lay and medical evidence preponderates that Fontenot is temporarily and totally disabled. Fontenot testified that since the accident he is still experiencing headaches, pain in his lower back, and a weakness in his left leg. Fontenot is currently on pain medication prescribed by Dr. Tassin and has not worked since the accident.
Dr. Tassin indicated that Fontenot's back injury has not improved since the automobile accident. His lower back has some tenderness and a decreased range of motion. Repeated abnormal results in a leg raising test on the left leg over a six month period convinced Dr. Tassin to not release Fontenot for work.
Dr. Rivet found spasms and limited motion of Fontenot's back and abnormal findings from straight leg raising tests of both legs. Because other tests resulted in abnormal findings, Dr. Rivet stated that he would not release Fontenot for work and felt that an MRI would be necessary before implementing any specific treatment.
Dr. Gaar examined Fontenot four times over a six month period. Although he found no objective signs of injury, Dr. Gaar diagnosed Fontenot's condition as a soft tissue injury and advised him to follow Dr. Tassin's instructions. Dr. Gaar stated that all X rays were normal, all straight leg raising tests were normal, and no abnormalities were discovered in Fontenot's CAT scan. Dr. Gaar consistently stated that in none of the four examinations did he detect any objective findings of injury that would prevent Fontenot from returning to work.
Given the conflicting medical evidence and the lay testimony, we cannot say that the trial court was manifestly erroneous in concluding that the plaintiff was temporarily and totally disabled.

PENALTIES AND ATTORNEY FEES
Defendants' second assignment of error is whether the trial court erred in assessing penalties, and finding that their actions warranted an award for attorney fees.
*912 The award of statutory penalties for discontinuance of benefits is governed by LSA-R.S. 23:1201(B) and (E). Those statutes provide that a worker's compensation claimant is entitled to a penalty in the amount of twelve percent on any unpaid compensation installment when the employer or insurer is found to have withheld payment without evidence to "reasonably controvert" the employee's right to benefits. The employee's right to receive such benefits will be deemed reasonably controverted if the employer or insurer had a reasonable basis, given the lay and expert medical evidence, for believing that medical expenses and compensation benefits were not due. Aguillard v. Industrial Const. Co., Inc., 542 So.2d 774 (La.App. 3rd Cir. 1989). On appellate review, a trial court's award of statutory penalties will not be reversed unless that determination is manifestly erroneous. Id. at 776. Also, the treating physician's testimony will ordinarily be given more weight than that of a doctor who examined a plaintiff for diagnosis only. Colomb v. Frito-Lay, Inc., 544 So.2d 710 (La.App. 3rd Cir.1989).
In the case sub judice, the record shows that plaintiff was treated by Dr. Tassin from the date of the accident through the date of trial. At the request of defendants' claim representative, plaintiff saw Dr. Gaar on November 18, 1987, for an evaluation. Dr. Gaar found no objective signs of injury and diagnosed plaintiff's condition as a soft tissue injury and advised plaintiff to continue seeing Dr. Tassin for treatment and medication. Plaintiff continued to see Dr. Tassin for treatment and medication as advised by Dr. Gaar. On March 1, 1988, Dr. Gaar again saw plaintiff for evaluation; Dr. Gaar found nothing wrong with plaintiff, and advised Highlands that plaintiff could return to work.
On March 4, 1988, defendants terminated plaintiff's worker's compensation benefits based on Dr. Gaar's report. On the other hand, Dr. Tassin opined that plaintiff was unable to return to work because of his work-related injury.
Moreover, following Dr. Gaar's negative report, Dr. Tassin referred plaintiff to see Dr. Rivet, a neurosurgeon, on May 11, 1988, because of his continued complaints of pain. Dr. Rivet's examination found objective symptoms of injury and he recommended further diagnostic tests. Nevertheless, defendants continued to refuse to pay for any further medical expenses and did not reinstate worker's compensation benefits.
Given the conflicting medical opinions and the favorable weight afforded to the treating physician, we cannot say that the trial court was manifestly erroneous in determining that the worker's compensation carrier did not have a reasonable basis for denying plaintiff benefits. Accordingly, we find penalties were properly awarded.
We now turn our attention to the propriety of the trial court's award of attorney fees in the amount of $5,000. LSA-R.S. 23:1201.2 provides that worker's compensation claimants are entitled to reasonable attorney's fees when an employer, if uninsured, or the employer's worker's compensation insurer arbitrarily, capriciously, or without probable cause discontinues paying compensation benefits. The trial court's decision on attorney's fees is essentially a question of fact, and should not be reversed on appellate review unless clearly wrong. Colomb, supra at 715. Given the considerable amount of evidence showing plaintiff's continued inability to return to work due to pain, we are unable to say the trial court was clearly wrong in awarding plaintiff attorney fees.
However, in reviewing the judgment we note that the trial court assessed the attorney fees against T.L. James and its insurer, Highlands. Under LSA-R.S. 23:1201.2 it is clear that if an employer has a worker's compensation insurer, only the insurer may be cast with attorney fees. Therefore, we shall amend the judgment to delete the assessment of attorney fees against T.L. James.
For the foregoing reasons, the judgment of the trial court is amended and recast as follows, and, as amended, is affirmed:
*913 IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Johnny Fontenot and against Highlands Insurance Company for attorney fees in the amount of $5,000 with legal interest from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as amended, the judgment of the trial court is affirmed. All costs of this appeal are assessed to T.L. James & Company, Inc. and Highlands Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.