653 So.2d 154 (1995)
Michael HICKMAN, Plaintiff-Appellee,
v.
ALLSTATE TIMBER CO. and Guarantee Mutual Insurance Co., Defendants-Appellants.
No. 94-1275.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
Writ Denied June 23, 1995.
*155 George Arthur Flournoy, Alexandria, for Michael Hickman.
Rodney Marchive Rabalais, Tara Cochran, Marksville, for Allstate Timber Co. & Guarantee Mut. Ins. Co.
Before DOUCET, Chief Judge, and LABORDE and KNOLL, JJ.
LABORDE, Judge.
In this worker's compensation case, defendant employer and its worker's compensation insurer appeal the hearing officer's award of rehabilitation expenses, penalties and attorney's fees to the claimant. We affirm, finding no manifest error committed on the part of the hearing officer.

FACTS
Plaintiff, Michael Hickman, injured his back on August 19, 1992, while in the course and scope of his employment as a logger with Allstate Timber Company. Plaintiff was cutting a tree when a limb fell from a nearby tree, striking him on the right shoulder and back. Plaintiff was paid temporary total disability benefits of $213.00 weekly from August 20, 1992 through August 4, 1993.
In July of 1993, plaintiff's treating physician, Dr. Babson Fresh, a neurosurgeon, released the plaintiff to medium duty work. In September of 1993, Dr. Fresh released Hickman from his care.
Since plaintiff could not return to his previous position, he began to search for other employment. Although the defendants' vocational rehabilitation specialist performed several labor market surveys which found 37 job possibilities for plaintiff, plaintiff contacted all of the listed employers and was unable to find a job.
Plaintiff subsequently requested that defendants fund his vocational rehabilitation at the Alexandria Regional Technical Institute. Defendants refused this request. Plaintiff has continued his course of study in the outdoor power equipment technician course at his own expense. Plaintiff's instructor, Glenn Pfeiffer, opined that if plaintiff completes the course, his earnings would exceed his salary at the time of the injury. Further, plaintiff should not experience any difficulty in obtaining a job with an increased salary since he is one of the top students in the course.
On August 4, 1993, defendants reduced plaintiff's benefits to SEB in the amount of $320.00 per month. Defendants theorized that since the labor market survey identified 37 employers with medium duty positions, one of which planned to hire approximately 50 employees at $8.00 per hour, they were entitled to reduce plaintiff's benefits to SEB based on a $5.00 per hour job.
On August 23, 1993, plaintiff filed a claim with the Office of Worker's Compensation, alleging that his employer and its insurer had arbitrarily and capriciously reduced his benefits from temporary total benefits to SEB, and requested penalties and attorney's fees. At a hearing held March 9, 1994, the hearing officer found that plaintiff was entitled to temporary total disability benefits beginning August 4, 1993. The hearing officer also ordered defendants to pay for plaintiff's vocational training, a 12% penalty on past unpaid benefits and attorney's fees of $7,500.
Defendants appeal, alleging four assignments of error:
1. The trial court erred in finding that plaintiff was entitled to vocational rehabilitation pursuant to La.R.S. 23:1226 and in ruling that the vocational technical course in which plaintiff is currently enrolled constitutes *156 proper rehabilitation services pursuant to La.R.S. 23:1226.
2. The trial court erred in awarding penalties and attorney's fees to plaintiff.
3. The hearing officer erred in ordering excessive attorney's fees.
4. The trial court erred in failing to allow admission of evidence of the jobs initially located by defendants.
Plaintiff answered the appeal, requesting an increase in attorney's fees for additional work on appeal, that the employer should be required to pay all reasonable expenses associated with plaintiff's vocational rehabilitation, including travel expenses, and legal interest on all sums specified in the lower court judgment.

LAW

Vocational Rehabilitation
Defendants claim that plaintiff is not entitled to vocational rehabilitation under R.S. 23:1226 because there were jobs available within plaintiff's geographic area in which he could earn his pre-injury wage. Defendants also contend that at the end of plaintiff's training program, any job that plaintiff obtains in this field will have an entry level salary that is less than his pre-injury wage. Therefore, plaintiff will not be able to earn his pre-injury wages in this new field.
In her reasons for judgment, the hearing officer stated, in pertinent part, as follows:
Mr. Hickman asserts that his benefits were wrongfully reduced, entitling him to attorney fees and penalties as well as reinstatement of his full TTD benefits. As well, Mr. Hickman asserts that he is entitled to vocational rehabilitation and to additional attorney fees and penalties for failure to timely begin his TTD benefits immediately after the accident.
Mr. Hickman has been released to return to "medium work" duties; however, he cannot return to his former employment. He has returned to school in an effort to reestablish a long-term, permanent career choice, but the defendants have not paid for the training because they believe he is able to perform suitable employment, given his prior education, work history, and transferable skills.
Defendants contend that a vocational counselor was able to identify numerous jobs which Mr. Hickman could perform and which were reasonably available. Mr. Hickman, on the other hand, could not obtain any of the jobs identified by defendants and asserts that the defendants' obligation extends beyond mere job placement. The adjuster handling the file did not rely on a specific job in reducing the benefits; rather, he suggested that any one of the many jobs identified in the labor market survey would have enabled the plaintiff to earn, at a minimum, $5.00 per hour for a full, forty-hour week.
As recognized by the Supreme Court in Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993), job availability means more than job possibilities. Rather, the employer must consider all factors which limit the employee's real access to the job market. The actions of the employer herein do not satisfy the requirements of our law with regard to providing vocational rehabilitation or proving the plaintiff's earning capacity. See Hebert v. Greywolf [Grey Wolf] Drilling Co., Inc., 611 So.2d 674 (La.App. 3 Cir.1993); Hopes v. Domtar Industries, 627 So.2d 676 (La. App. 3 Cir.1993).
In the case at hand, Mr. Hickman established that he cannot return to his former employment and that his disabling injuries prevent him from earning his former wages. The defendants have not provided the requisite rehabilitation, nor have they established by a preponderance of the evidence that there was suitable, gainful employment available to Mr. Hickman. Mr. Hickman is entitled to reimbursement of the rehabilitation expenses he has incurred, together with other rehabilitation as may be necessary to complete his retraining as set out in La.R.S. 23:1226.
We agree with the hearing officer's conclusions. Defendants did not satisfy their burden of proof that there were jobs available to plaintiff in which he could earn at least 90% of his pre-injury wage. The mere production of a labor market survey does not *157 satisfy an employer's burden of proof of job availability. Hopes v. Domtar, supra.
Further, we find no merit to defendants' claim that plaintiff will be unable to earn his pre-injury wage at the completion of his training at the Alexandria Regional Technical Institute. Glenn Pfeiffer, plaintiff's instructor at the school, testified that plaintiff is one of the top students in the course and that there is a great demand for students with his skills. Pfeiffer stated that he believed plaintiff would be able to obtain a job with a salary greater than the entry level salary of $5-7 per hour. Pfeiffer believed that plaintiff was capable of obtaining a job with a salary of $12-13 per hour, as he had former students who had commanded this salary upon completion of the course.
Defendants also claim that the vocational course in which plaintiff is enrolled does not follow the rehabilitation guidelines of La.R.S. 23:1226, subd. B(1). That statute provides, in pertinent part, as follows:
(1) The goal of rehabilitation services is to return a disabled worker to work, with a minimum of retraining, as soon as possible after an injury occurs. The first appropriate option among the following must be chosen for the worker:
(a) Return to the same position.
(b) Return to a modified position.
(c) Return to a related occupation suited to the claimant's education and marketable skills.
(d) On-the-job training.
(e) Short-term retraining program (less than twenty-six weeks).
(f) Long-term retraining program (more than twenty-six weeks but not more than one year).
(g) Self-employment.
Defendants allege that they identified jobs which fall into categories (c) and (d) above. Defendants identified jobs as a skidder operator, a job in the logging industry, a chipper operator, also in the wood industry, and a position at Roger's Technical Services, an industrial job, which would all be jobs in a related occupation under (c). Further, Leonard Michiels, defendants' vocational rehabilitation expert, stated that the Williamette position and the Roger's Technical service position provided on-the-job training, which would satisfy the requirement of subsection (d). However, defendants were unable to prove that these jobs were actually available to plaintiff. Thus, we find no merit in this argument.

Penalties and Attorney's Fees
Defendants claim that plaintiff is not entitled to penalties and attorney's fees in the present case. We disagree.
R.S. 23:1201.2 provides for attorney's fees when a employer or its insurer discontinues payment of a claim when such discontinuance is arbitrary, capricious or without probable cause. R.S. 23:1201 provides for penalties to be assessed against either the employer or insurer for benefits that are not timely paid and not reasonably controverted by the employer.
The use of sham rehabilitation by an employer in a worker's compensation proceeding will not be rewarded by the termination or diminution of an employee's benefits; instead, when prayed for, it will be greeted with statutory penalties and attorney's fees. City of Crowley v. Comeaux, No. 93-1116 (La.App. 3 Cir. 4/6/94); 638 So.2d 658, writ denied, 94-1184 (La. 6/24/94); 640 So.2d 1355; Hopes v. Domtar, supra.
Plaintiff argues that defendant's reduction of benefits to SEB was arbitrary and capricious. David Long, the claims adjuster, stated that when he reduced plaintiff's benefits to SEB, he knew plaintiff had been unsuccessful in finding work at any of the job possibilities listed in the labor market surveys. Long also testified that none of the job opportunities had been approved by plaintiff's treating physician. Further, Long testified that he reduced benefits based on the labor market survey which identified 31 jobs possibilities, claiming that these jobs were available to plaintiff and that he was capable of performing them. However, Long did not know if these jobs were open at the time plaintiff applied. Long also could not identify any job in these labor market surveys which paid $5.00 per hour, the salary he used in calculating plaintiff's SEB, and he *158 did not know whether any of the jobs which paid $5.00 per hour were full-time or part-time.
Also, defendants did not pay the initial disability benefit payment timely, which also justifies penalties and attorneys fees. The first payment of TTD benefits was not issued until September 10, more than 14 days after the injury. R.S. 23:1201; Theriot v. American Employees Ins. Co., 482 So.2d 648 (La.App. 3 Cir.1986).
Thus, we find no error in the hearing officer's award of penalties and attorneys' fees to plaintiff.

Admissibility of Evidence
Defendants contend that the hearing officer erred when she refused to admit into evidence reports prepared by Lionel Bordelon, a vocational rehabilitation expert. However, David Long, the claims adjuster, testified that he had referred to these reports as the basis for the reduction of benefits to SEB, and thus there was no need to introduce these reports. We find no error in this evidentiary ruling.

Answer to Appeal
In plaintiff's answer to appeal, he requests additional attorney's fees for the time spent on the appeal. A worker's compensation claimant is entitled to increased attorney's fees to reflect additional time incurred in defending employer/carrier's unsuccessful appeal. Aguillard v. Industrial Const. Co., Inc., 542 So.2d 774 (La.App. 3 Cir.1989). Thus we find that plaintiff is entitled to an additional $2,000 for time spent on this appeal.
Legal interest assessed on worker's compensation installment benefits accrue from the date that each installment becomes due; each weekly benefit is to bear legal interest from its respective due date until it is paid. Hall v. McDonald Insulation, 537 So.2d 328 (La.App. 1 Cir.1988). The judgment signed by the hearing officer awards plaintiff interest "in accordance with law." Thus, we find that the hearing officer correctly awarded legal interest on all unpaid sums owed to plaintiff.
Plaintiff also requests that "the employer should be required to pay all reasonable expenses, inclusive of travel expenses, associated with plaintiff's vocational rehabilitation." In the opinion issued by the hearing officer, the hearing officer stated "Mr. Hickman is entitled to reimbursement of the rehabilitation expenses he has incurred, together with other rehabilitation as may be necessary to complete his retraining as set out in La.R.S. 23:1226." Thus, we find that the hearing officer did award plaintiff reasonable expenses associated with his vocational rehabilitation. However, since we find no evidence in the record on plaintiff's travel expenses, we cannot award plaintiff his travel expenses as a result of his vocational rehabilitation.

DECREE
The judgment of the hearing officer is amended to include an additional award of $2,000.00 for plaintiff-appellee's attorney's fees on appeal and is affirmed in all other respects. Costs assessed to defendants-appellants, Allstate Timber Company and Guarantee Mutual Life Company.
AFFIRMED AS AMENDED.