782 So.2d 1203 (2001)
Sidney THIBODEAUX
v.
SUNLAND CONSTRUCTION.
No. 00-1472.
Court of Appeal of Louisiana, Third Circuit.
April 4, 2001.
*1205 Michael K. Leger, DeJean, DeJean, Leger & Mouret, Opelousas, LA, Counsel for Plaintiff/Appellant, Sidney Thibodeaux.
Charles J. Foret, Briney & Foret, Lafayette, LA, Counsel for Defendant/Appellee, Sunland Construction.
Court composed of DOUCET, C.J., and THIBODEAUX and WOODARD, Judges.
THIBODEAUX, Judge.
Plaintiff, Sunland Construction Company (hereinafter "Sunland"), appeals the judgment of the workers' compensation judge holding that a low back injury sustained by the defendant-appellee, Mr. Sidney Thibodeaux, Jr. (hereinafter "Mr. Thibodeaux") as he slipped and fell in his bathtub was causally related to a previous on-the-job injury. Sunland also appeals the workers' compensation judge's decision that Sunland's failure to approve shoulder surgery for Mr. Thibodeaux was arbitrary and capricious, which resulted in paying Sunland a penalty to Mr. Thibodeaux in the amount of $2,000 in addition to $7,500 in attorney fees. Mr. Thibodeaux answers Sunland's appeal and asks for an additional sum in attorney fees for handling this appeal.
We affirm the judgment of the trial court and award an additional $2,500 in attorney fees to Mr. Thibodeaux.

I.

ISSUES
The issues presented for review are: (1) did the workers' compensation judge commit manifest error in finding Mr. Thibodeaux's low back injury was causally related to his previous on-the-job injury? and (2) did the trial court commit manifest error in assessing penalties and attorney fees against Sunland for its failure to timely approve shoulder surgery recommended by Mr. Thibodeaux's treating physician?

II.

FACTS
Mr. Sidney Thibodeaux, Jr. was employed as a welder engaged in pipeline construction for Sunland, when he sustained *1206 work-related injuries on September 1, 1995 and September 18, 1995 which resulted in a right bicep tendon rupture, AC joint arthropathy and right shoulder impingement. Dr. Morgan J. Lorio, an orthopedic surgeon, initially treated Mr. Thibodeaux conservatively with anti-inflammatory medications and steroid injections.
Mr. Thibodeaux then underwent a left wrist fusion on August 20, 1997 and a left carpal tunnel release on June 18, 1998. Dr. Lorio also recommended right shoulder surgery. However, Mr. Thibodeaux decided to postpone the surgery to determine if he could live with the pain.
On January 15, 1999, Mr. Thibodeaux informed Dr. Lorio that due to the increasing pain in his shoulder he wanted to undergo the shoulder surgery. The shoulder surgery request was made to Sunland through its third-party administrator adjuster, Ms. Gloria Husser. Mr. Thibodeaux's attorney made the request by letter on January 18, 1999. The letter attached Dr. Lorio's medical report on January 15, 1999 requesting the shoulder surgery.
The shoulder surgery was not approved by Sunland until five months later on June 7, 1999. Mr. Thibodeaux subsequently had to postpone the shoulder surgery due to his wife having to undergo emergency surgery. Thereafter, Mr. Thibodeaux fell while getting out of his whirlpool bathtub when his right shoulder went into spasm causing him to fall across the side of the tub, injuring his lower back and hip. Mr. Thibodeaux did not seek immediate medical attention, but opted to wait a few days since he already had a previously scheduled doctor's appointment.
Sunland filed a LDOL WC 1008 on February 17, 1999 alleging that Mr. Thibodeaux's back injury was unrelated to his original accident and it should not be responsible for medical expenses associated with the lower back injury. On February 24, 1999, Mr. Thibodeaux answered Sunland's disputed claim and filed a reconventional demand concerning Sunland's refusal to authorize shoulder surgery and its refusal to authorize medical treatment of his lower back injury.

III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside the factual findings of a workers' compensation judge in the absence of manifest error or unless it is clearly wrong. Wackenhut Corrections Corp. v. Bradley, 96-796 (La.App. 3 Cir. 12/26/96); 685 So.2d 661. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Where there is a conflict in the testimony, "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review" even though the appellate court may feel that its own evaluations and inferences are reasonable. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell v. ESCO, 549 So.2d 840 (La.1989).

Work-Related Injury
In order to recover workers' compensation benefits, a worker must first prove that he suffered an injury by an accident arising out of and in the course of his employment. La.R.S. 23:1031(A). An accident *1207 is defined as an "unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).
The aggravation of a prior work-related injury is compensable even though the aggravation occurs away from work. Stewart v. Hospitals Affiliates Int'l, Inc. of Baton Rouge, 404 So.2d 944 (La.1981). If the work-related injury predisposed the plaintiff to the second injury, then a causal connection is found between the two accidents and the plaintiff is entitled to compensation. Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Lacy v. PPG Indus., Inc., 93-1588 (La.App. 3 Cir. 6/1/94); 640 So.2d 655, writ denied, 94-1703 (La.10/7/94); 644 So.2d 639. Since the findings of fact in a workers' compensation case are subject to the manifest error-clearly wrong standard of review, they will only be reversed if they are clearly wrong. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98); 708 So.2d 375.
The Workers' Compensation Act is construed liberally in favor of the worker, however, this does not relax the worker's burden of proof. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). This burden of proof requires the worker to establish, by a preponderance of the evidence, that a work-related accident occurred. Burns v. Beauregard Nursing Cent., 94-131 (La.App. 3 Cir. 10/5/94); 643 So.2d 443. The worker's testimony alone may be sufficient to satisfy this burden, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno, 593 So.2d 357. Corroboration may be proven by the testimony of fellow workers, spouses, other close family members, friends, or the introduction of medical evidence. Id.
The workers' compensation judge found the injury to Mr. Thibodeaux's lower back was due to his shoulder giving out as he was attempting to get out of his bathtub and therefore causally related to his on-the-job injury. The workers' compensation judge requested Mr. Thibodeaux demonstrate to the court, at trial, how the fall occurred. The court found Mr. Thibodeaux to be a credible witness and found his testimony believable. As discussed above, it is clear in Louisiana that a claimant may prove an accident by his own testimony. Mr. Thibodeaux has sustained that burden as no other sufficient evidence has been presented that discredits or casts serious doubt upon his version of the incident.
Also, Mr. Thibodeaux's testimony was corroborated by his wife's testimony. Mrs. Thibodeaux testified at trial that immediately after the accident her husband told her about the fall and complained of serious pain. She also stated that Mr. Thibodeaux consulted his orthopedist about the incident at a previously scheduled appointment rather than visit the hospital emergency room that night. Thus, Mr. Thibodeaux's testimony was corroborated and no other sufficient evidence was presented which casts doubt on his testimony. Accordingly, we find that the workers' compensation judge was not manifestly erroneous or clearly wrong when he found the injury Mr. Thibodeaux sustained to his lower back, while exiting his bathtub, was due to his shoulder giving out and, thus, causally related to his on-the-job injury.

*1208 Penalties and Attorney Fees
Sunland contends that the workers' compensation judge erred in finding that they failed to approve shoulder surgery for Mr. Thibodeaux and further erred in finding they were arbitrary and capricious for failing to approve the shoulder surgery. We disagree. Louisiana Revised Statutes 23:1201 reads in pertinent part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
When an employer refuses to authorize medical treatment which is reasonable and necessary penalties and fees are warranted. Brasseaux v. Abbeville General Hosp., 97-1062 (La.App. 3 Cir.3/18/98); 710 So.2d 340, writ denied in part, judgment reversed in part, 98-1066 (La.6/5/98); 720 So.2d 673; Gross v. Maison Blanche, Inc., 98-2341 (La.App 4 Cir. 4/21/99); 732 So.2d 147. Dr. Lorio, Mr. Thibodeaux's treating orthopedist, recommended that he undergo shoulder surgery on January 15, 1999. Mr. Thibodeaux informed Sunland of his desire to undergo the recommended surgery through correspondence dated January 18, 1999. The shoulder surgery request was made to Sunland through its third-party administrator, Ms. Husser. Attached to the written request was Dr. Lorio's medical report dated January 15, 1999 requesting the shoulder surgery.
The request for shoulder surgery was not approved by Sunland until June 7, 1999, five months after the request. Ms. Husser attempted to explain Sunland's handling of the claim by testifying at trial that she did not provide written authorization for the shoulder surgery because it was not requested.. However, at trial, the January 18, 1999 letter requesting authorization of the surgery was introduced, thereby refuting Ms. Husser's testimony. In Dr. Lorio's medical report, he recommended a right shoulder decompression and rotator cuff repair with resecting of the AC joint.
An employer may escape liability for its delays in providing medical benefits if: (1) its nonpayment stemmed from conditions over which the employer had no control, or (2) the employer reasonably controverted the employee's right to such compensation or medical benefits. La. R.S. 23:1201(F)(2). Sunland offered no reasonable explanation for its delay in proving the requested shoulder surgery. Ms. Husser testified at trial that she did not provide authorization because she contended *1209 nobody requested it. As stated above, Ms. Husser's testimony was shown to be inaccurate by Mr. Thibodeaux's letter dated January 18, 1999 requesting authorization of the surgery and the attachment of Dr. Lorio's medical recommendation.
After a thorough review of the record in its entirety, Sunland presents no information to counter the information presented by Mr. Thibodeaux requesting the shoulder surgery. An employer who fails to properly investigate an employee's compensation claim subjects itself to statutory penalties and attorney's fees. Nelson v. Roadway Exp., Inc., 588 So.2d 350 (La. 1991). There must be a real or substantial issue to deny benefits to a disabled employee. Id. Sunland did not subpoena Mr. Thibodeaux's medical records nor did Sunland depose Dr. Lorio. The only reason offered by Sunland to explain this is the testimony of Ms. Husser. Ms. Husser testified that she did not authorize the shoulder surgery because the doctor's office or healthcare provider did not call for authorization. She stated at trial that a doctor's office or healthcare provider has to call for authorization before authorization will be granted.
Mr. Thibodeaux's letter of January 18, 1999 sufficed as a request for medical treatment. The letter stated in pertinent part as follows:
"Dr. Lorio has recommended surgery which Mr. Thibodeaux would like to have authorized concerning his right shoulder. His shoulder pain has continued to worsen and he would like to have the surgical procedure done due to the substantial pain he is experiencing. If you are unable or unwilling to authorize the surgery, please extend the courtesy of an explanation as to why you cannot do so."
Sunland unreasonably refused to authorize the requested surgery despite a written request for approval. The purpose of workers' compensation penalty statutes is to discourage employers from assuming attitudes of indifference toward injured employees. Eaton v. General Accident Group, 292 So.2d 773 (La.App. 4 Cir.1974). Sunland's attitude toward Mr. Thibodeaux is a compelling example of the behavior the workers' compensation penalties are designed to discourage.
The appropriate standard of review to be applied by the appellate courts in determining whether a defendant should be cast with penalties and attorney's fees is the "manifest errorclearly wrong standard." Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706 and Guidry v. Doctors' Hosp. of Opelousas, 93-1233 (La.App. 3 Cir. 5/4/94); 640 So.2d 548. Accordingly, we find that the workers' compensation judge was not manifestly erroneous or clearly wrong in awarding penalties and attorney fees to Mr. Thibodeaux. The workers' compensation judge was clearly correct and therefore we affirm the $2,000 penalty Sunland was ordered to pay Mr. Thibodeaux and also affirm the award of attorney fees in the amount of $7,500 to be paid by Sunland to Mr. Thibodeaux's attorney.

Request of Additional Attorney Fees
Mr. Thibodeaux has asked for an additional award of attorney fees for work performed on this appeal. As Mr. Thibodeaux correctly cited in brief, A workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer/carrier's unsuccessful appeal. Hickman v. Allstate Timber Co., 94-1275 (La.App. 3 Cir. 4/5/95); 653 So.2d 154, writ denied, 95-1133 (La.6/23/95); 656 So.2d 1017; Aguillard v. Industrial Const. Co., 542 So.2d 774 (La.App. 3 Cir.1989). Accordingly, *1210 we award an additional $2,500 in attorney fees for the successful handling of this appeal.

IV.

CONCLUSION
The injuries Mr. Thibodeaux sustained to his lower back as a result of the fall in his bathtub were causally related to his original work-related injuries. Mr. Thibodeaux's testimony about how the fall in his bathtub occurred was corroborated by the testimony of his wife and no other evidence was presented which casts doubt on his testimony. Accordingly, we find the workers' compensation judge was not manifestly erroneous or clearly wrong when she found the injury to Mr. Thibodeaux's lower back due to his shoulder giving out was causally related to his on-the-job injury. We also find that the workers' compensation judge was not manifestly erroneous or clearly wrong in awarding penalties and attorney fees to Mr. Thibodeaux. Sunland did not reasonably controvert Mr. Thibodeaux's right to medical benefits.
We also award an additional $2,500 in attorney fees to Mr. Thibodeaux for the successful handling of this appeal.
For the above reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.