832 So.2d 1162 (2002)
John L. JOHNSON
v.
ST. PATRICK HOSPITAL.
No. 02-0828.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1163 Scott J. Pias, Attorney at Law, Lake Charles, LA, for John L. Johnson.
Todd M. Amnions, Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, LA, for St. Patrick Hospital.
Court composed of HENRY L. YELVERTON, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
DECUIR, Judge.
This is an appeal from a workers' compensation judgment rendered in favor of the employer. John L. Johnson was employed by St. Patrick's Hospital when he was injured in the course and scope of his employment on February 11, 1999. St. Patrick's Hospital paid indemnity and medical benefits, but a dispute arose during the course of medical treatment over the need for a particular drug prescribed by a pain management specialist. When the hospital refused to pay for the drug, Johnson filed this disputed claim for benefits. Judgment was rendered in the Hospital's favor, and Johnson appeals.
The record before us does not contain a transcript of the hearing conducted by the workers' compensation judge. Because of the death of the court reporter and an inaudible tape recording, a transcript could not be produced. Nevertheless, the exhibits offered into evidence and the parties' post-trial memoranda are included in the record and provide us with a sufficient account of the proceedings below in order for us to render a just decision.
The record reveals that in January of 2001, Johnson was under the care of Dr. Frank Lopez, a pain management physician, when he was given a prescription for Ritalin. Dr. Lopez wrote in his office notes that he was prescribing Ritalin to treat Johnson's depression and adult attention deficit disorder. Dr. Lopez later changed the prescription to Serzone. Initially, the Hospital paid for the prescription, but after questioning the connection between Johnson's treatment for back pain and what Dr. Lopez characterized as depression medication, the Hospital denied further payment for the drug. The Hospital gave two reasons for its denial: first, that the drug was not prescribed by a psychiatrist or psychologist as required by La.R.S. 23:1021(7), and second, that the condition for which the drug was prescribed was not related to the employment injury. The Hospital also refused to approve treatment by a mental health professional.
Johnson then saw a psychologist, Dr. Jerry L. Whiteman, for a mental status examination. In a written report, Dr. *1164 Whiteman diagnosed Johnson with depression associated with chronic pain resulting from his employment-related injury. In deposition testimony, however, Dr. Whiteman was unable to state whether Johnson's depression was more probably than not caused by his chronic pain. Nor could he say if the relationship between the pain and the depression was clear and convincing. Dr. Whiteman's report and deposition were made a part of the record.
Several months later, the Hospital sent Johnson to Dr. Kevin Bianchini, a neuropsychologist. After meeting with Johnson and reviewing test results and medical records, Dr. Bianchini concluded that Johnson has long-standing psychiatric and psychological problems that require treatment but are unrelated to his employment injury. Dr. Bianchini's twelve page report was submitted into evidence.
The workers' compensation judge ruled that St. Patrick's Hospital did not have to pay for the drug Serzone, which was prescribed by Dr. Lopez as part of his pain management therapy. The judge also ruled that the Hospital was not arbitrary and capricious in failing to approve a psychiatric or psychological visit and that neither penalties nor attorney's fees were due.
We agree with the ruling of the workers' compensation judge. After reviewing the evidence, we conclude Johnson did not meet his burden of proving a correlation between his depression and the employment injury he suffered in 1999. The workers' compensation act requires proof by clear and convincing evidence in a case such as this, as this court has previously explained:
An employee has to prove by clear and convincing evidence that his mental injury or illness was caused by a work related accident. La.R.S. 23:1021(7)(b). The new "clear and convincing" standard is a heavier burden of proof than the usual civil case of "preponderance of the evidence" standard but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. Lannes v. Jefferson Door Co., 638 So.2d 250 (La.App. 5 Cir. 1994). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable; that is, much more probable than its nonexistence. Hines v. Williams, 567 So.2d 1139 (La. App. 2 Cir.), writ denied, 571 So.2d 653 (La.1990).
Bundren v. Affiliated Nursing Homes, 94-808, p. 2 (La.App. 3 Cir. 2/1/95), 649 So.2d 1177, 1179.
Additionally, the compensation act requires that a diagnosis of a mental injury or illness be made by a mental health professional. See La.R.S. 23:1021(7)(d). Contrary to Johnson's characterization of this requirement as "hyper-technical," we note the law is clear and unambiguous, and we do not fault the Hospital for relying on this legislative pronouncement.
After reviewing the record before us, we find no error in the denial of medical benefits for the drug Serzone and in the rejection of Johnson's request for a mental health evaluation. We agree with the finding that St. Patrick's Hospital was not arbitrary and capricious in its handling of this dispute; accordingly, the Hospital was properly found not liable for penalties and attorney's fees.
For the foregoing reasons, we affirm the judgment rendered below at plaintiff's cost.
AFFIRMED.