STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-871


MYRTLE K. LATIGUE

VERSUS

CHRISTUS ST. PATRICK HOSPITAL


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-05371
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.


                                                        **AFFIRMED**.


        **Robert Thomas Jacques, Jr.**
        **P. O. Box 1883**
        **Lake Charles, LA 70602**
        **Telephone:  (337) 433-4674**
        **COUNSEL FOR:**
                **Plaintiff/Appellee - Myrtle K. Latigue**

        **Todd Michael Ammons**
        **Stockwell, Sievert, Vicellio, Clements & Shaddock**
        **P. O. Box 2900**
        **Lake Charles, LA 70602**
        **Telephone:  (337) 436-9491**
        **COUNSEL FOR:**
                **Defendant/Appellant - Christus St. Patrick Hospital**
THIBODEAUX, Judge.

In this workers' compensation case, the claimant, Ms. Myrtle K. Latigue (Ms. Latigue), claims that the defendant, Christus St. Patrick Hospital (St. Patrick), failed to authorize a neuropsychological examination. St. Patrick denied the referral for the examination because the claimant (1) had not chosen the psychologist and (2) was not diagnosed with a mental injury or illness by a licensed psychiatrist or psychologist. The workers' compensation judge found that reasonable and necessary treatment was requested and St. Patrick did not reasonably controvert the claimant's request to consult a neuropsychologist. A $2,000.00 penalty was imposed and an attorney fee of $2,000.00 was awarded.

We agree with the workers' compensation judge and, thus, affirm the judgment. We also award an additional $3,000.00 for work done on appeal pursuant to the answer filed by the claimant.

I.

**ISSUES**

We shall decide:

1)   whether the workers' compensation judge properly decided that defendant failed to authorize a neuropsychological examination;

2)   whether the workers' compensation judge was manifestly erroneous in awarding penalties and attorney fees to the claimant.

II.

**FACTS**

On September 15, 2000, Ms. Latigue injured her lower back at St. Patrick Hospital. Ms. Latigue was an employee of St. Patrick working in the course and

1

scope of her employment at the time of injury. She is presently receiving workers' compensation benefits.

Following the injury, Dr. John Noble, an orthopedic surgeon, treated Ms. Latigue. On March 14, 2002, Dr. Noble referred Ms. Latigue to Dr. Kevin Gorin, a pain management specialist. Dr. Gorin treated Ms. Latigue for a brief period of time and then referred her to Dr. Charles Robertson for a neuropsychological evaluation. St. Patrick declined the request for the neuropsychological examination. After St. Patrick declined to authorize the visit with Dr. Robertson, Ms. Latigue filed a disputed claim for compensation alleging that medical treatment with Dr. Charles Robertson was denied. The claim for compensation also included a claim for penalties and attorney fees.

A mediation conference was held on August 16, 2002. As a result of the mediation conference, St. Patrick chose Dr. Kevin Bianchini, a psychologist, to evaluate Ms. Latigue. An appointment was subsequently scheduled with Dr. Bianchini. Ms. Latigue did not attend the appointment. St. Patrick filed a motion to compel Ms. Latigue to attend the appointment. Judgment ordering Ms. Latigue to attend the appointment with Dr. Bianchini was rendered in open court on February 6, 2003. The order conditioned Ms. Latigue's appointment with Dr. Bianchini on her having the opportunity to be examined by a psychiatrist or psychologist of her choice. Subsequently, St. Patrick scheduled an appointment with Dr. Robertson for April 14, 2003.

Ms. Latigue's claim for penalties and attorney fees proceeded to trial on April 4, 2003, resulting in a $2,000.00 penalty and a $2,000.00 attorney fee award against St. Patrick Hospital. Thereafter, this appeal was filed.

2

III.

## LAW AND DISCUSSION

### Standard of Review

"Factual findings in worker's compensation cases are subject to the manifest error or clearly wrong standard of appellate review." *Seal v. Gaylord Container Corp.*, 97-0688, p. 4 (La.12/02/97), 704 So.2d 1161, 1164. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. *Seal*, 704 So.2d at 1164. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Since the findings of fact in a workers' compensation case are subject to the manifest error-clearly wrong standard of review, they will only be reversed if they are clearly wrong. *Chaisson v. Cajun Bag & Supply Co.*, 97-1225 (La. 3/4/98), 708 So.2d 375.

### Applicable Law

St. Patrick contends that the workers' compensation judge erred in finding that it failed to approve a neuropsychological examination for Ms. Latigue. It further argues that the workers' compensation judge erred in finding it did not reasonably controvert Ms. Latigue's claim.

St. Patrick's position is that La.R.S. 23:1121 is applicable to this case. This position is untenable. This section focuses on the examination of an injured worker by an employer's choice of physician and an employee's choice of physician. The present case is not about choice of physician; it is one of failure to authorize under La.R.S. 23:1201 and 1203.

St. Patrick also argues that La.R.S. 23:1021(7)(d) is applicable to this case. This section requires a diagnosis by a licensed clinical psychologist or psychiatrist of mental illness before an employer becomes responsible for any medical treatment. The hospital's reliance on La.R.S. 23:1021(7)(d) is equally untenable. This case has not yet developed into a case of mental injury in which La.R.S. 23:1021 would apply. Nor is this a dispute involving a diagnosis of a mental injury which would involve the use of a licensed psychiatrist or psychologist under La.R.S. 23:1021(7)(d).

Additionally, St. Patrick cites *Johnson v. St. Patrick Hospital*, 02-0828 (La.App. 3 Cir. 12/11/02), 832 So.2d 1162 to bolster its position that a mental health diagnosis by a licensed clinical psychologist or psychiatrist is a prerequisite to employer liability. *Johnson* involved a claim which was decided after a trial on the merits and after a determination that the plaintiff's mental condition was not employment-related. *Johnson* was a case of causation. The claim in this case, at least at this juncture, is not one of causation. Ms. Latigue's mental condition has not been litigated and is not an issue at this time. In addition, *Johnson* did not involve a dispute over the failure to authorize a medical consultation.

Louisiana Revised Statutes 23:1201 and 1203 are applicable to this case. In *Authement v. Shappert Engineering*, 02-1631(La. 2/25/03), 840 So.2d 1181, the supreme court recognized that failure to authorize comes under La.R.S. 23:1203(A). The court noted that although "the workers' compensation statute does not address a

4

failure to authorize medical treatment as such, . . . [the inclusion of "failure to authorize" is] reflective of the benevolent goals of the workers' compensation law to ensure prompt medical attention to injured workers." *Authement,* 840 So.2d at 1186. Additionally, the court noted that inclusion of "failure to authorize" in the title of a statute may be instructive in determining legislative intent. *Id.* The court stated,

> [a]lthough the language of the statute itself is not instructive regarding the consequences of a failure to authorize medical treatment, with the addition of "failure to authorize" in the title, the legislature apparently contemplated that a failure to authorize medical treatment would be a consideration in determining whether to subject the payor to penalties. *Id.*

"One purpose of the workers' compensation statute is to promptly provide compensation and medical benefits to an employee who suffers injury within the course and scope of employment." *Authement,* 840 So.2d at 1186-87. The employer is obligated to "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." La.R.S. 23:1203(A). Thus, a failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. *Authement*, 840 So.2d at 1187. Depending on the circumstances, a failure to authorize treatment is effectively a failure to furnish treatment. *Id.*

In this case, St. Patrick failed to authorize the neuropsychological examination for Ms. Latigue. This failure to authorize amounted to a failure to furnish treatment under La.R.S. 1201(A).

5

## Penalties and Attorney Fees

When an employer refuses to authorize medical treatment for an injured worker which is reasonable and necessary, penalties and fees are warranted. *Thibodeaux v. Sunland Const.*, 00-1472 (La.App. 3 Cir. 4/4/01), 782 So.2d 1203. However, La.R.S. 23:1201(F)(2) states, in part, that the penalty and attorney fee provisions "shall not apply if the claim is reasonably controverted." Based on this language, a penalty and attorney fee can be imposed for the failure to authorize treatment except where the claim is reasonably controverted.

In this case, the workers' compensation judge stated in her oral reasons for judgment, "the court finds that in this case, reasonable and necessary treatment was recommended by the claimant's treating pain management specialist, Dr. Gorin, and that treatment was not authorized. To simply deny is not reasonable controversion of the request." St. Patrick refused to authorize the requested examination despite a written request for approval. St. Patrick provided no evidence to controvert Ms. Latigue's claim.

The appropriate standard of review to be applied by the appellate courts in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard. *Alexander v. Pellerin Marble & Granite*, 93-1698 (La. 1/14/94), 630 So.2d 706; *Guidry v. Doctors' Hosp. of Opelousas*, 93-1233 (La.App. 3 Cir. 5/4/94), 640 So.2d 548. The record available to the workers' compensation hearing officer contained sufficient factual information from which to conclude the employer/insurer failed to provide medical treatment as recommended by the claimant's physician. "Failure to authorize medical treatment equates to failure to provide benefits in accordance with the provisions of the workers' compensation law." *Authement*, 840 So.2d at 1189. Failure to authorize the neuropsychological

6

examination under the facts and circumstances of this case was a failure to provide treatment, thus triggering the imposition of penalties and attorney fees.

Accordingly, we find that the workers' compensation judge was not manifestly erroneous or clearly wrong in awarding penalties and attorney fees to Ms. Latigue. The workers' compensation judge was correct and, therefore, we affirm both the $2,000.00 penalty St. Patrick was ordered to pay Ms. Latigue and the award of attorney fees in the amount of $2,000.00 to Ms. Latigue's attorney.

**Request of Additional Attorney Fees**

Ms. Latigue has asked for an additional award of attorney fees for work performed on this appeal. As Ms. Latigue correctly noted, a workers' compensation claimant is entitled to an increase in attorney fees to reflect additional time incurred in defending an employer's/insurer's unsuccessful appeal. *Hickman v. Allstate Timber Co.*, 94-1275 (La.App. 3 Cir. 4/5/95), 653 So.2d 154, *writ denied*, 95-1133 (La. 6/23/95), 656 So.2d 1017; *Aguillard v. Indus. Const. Co.*, 542 So.2d 774 (La.App. 3 Cir.1989). Accordingly, we award an additional $3,000.00 in attorney fees for the successful handling of this appeal.

IV.

**CONCLUSION**

For the above reasons, the judgment appealed from is affirmed. We award an additional attorney fees of $3,000.00 for work done on appeal. Costs of this appeal are assessed to Christus St. Patrick Hospital.

**AFFIRMED**.