567 So.2d 1139 (1990)
Sibbie Lee HINES, Plaintiff,
v.
Earsie Allen WILLIAMS and Sonya A. Williams, Co-Administratrix, Defendants.
In re SUCCESSION OF Clyde Louis WILLIAMS.
Nos. 21790-CA, 21791-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
*1140 Culpepper, Teat & Caldwell by Billy Rex Harper, Jr., Jonesboro, for plaintiff-appellant.
Walter V. Kendrick, Jonesboro, for defendants-appellees.
Before MARVIN and HIGHTOWER, JJ., and JASPER E. JONES, J. Pro Tem.
HIGHTOWER, Judge.
In consolidated paternity and succession proceedings, a mother appeals a determination that she failed to prove her son to be the child of the decedent and entitled to part of the estate. We affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
Clyde Louis Williams died in a work related accident on February 7, 1985. For more than a year immediately preceding his death, he had cohabited with Sibbie Lee Hines but was lawfully married to Ersie Allen Williams, who had obtained a legal separation from him in 1976. In addition to his wife, decedent was survived by an 18-year-old acknowledged illegitimate daughter, Sonya Antoinette Williams. Two months after his demise, Ms. Hines, appellant, gave birth to her son.
On March 27, 1985, Sonya, the child of a Dorothy Jean Jones, sought to be appointed succession administratrix, presenting an affidavit by two acquaintances of decedent concerning her father's sole marriage to Mrs. Williams and his cohabitation with appellant, referred to as his "putative spouse." Thereafter, in opposition to a petition for possession, appellant asserted the pendancy of her son's filiation action, which had been initiated in January 1986. The trial court then ordered both matters consolidated.
At trial, appellant introduced 22 identical affidavits stating that each affiant knew that decedent and Sibbie Lee Hines lived together as husband and wife in excess of two years before his death, that while they lived together she became pregnant, and that prior to his death he acknowledged the unborn child as his. The documents, however, failed to specify any facts regarding acknowledgment.
In addition to testifying herself, appellant called six witnesses who, as relatives, neighbors or close friends, had signed one *1141 of the affidavits. Save appellant, none knew exactly how long the couple had lived together; however, all affirmed the cohabitation. Although the witnesses had not heard decedent affirmatively state the unborn child was his, they all either assumed he had done so or, otherwise, stated that he was reputed in the community to be the father. Appellant testified she lived with decedent for approximately two years before his death and, during that time, did not have sexual intercourse with anyone else. Appellees, the acknowledged daughter and wife, presented no evidence to contradict that assertion concerning an exclusive relationship.
Two witnesses, Mrs. M.L. Bolds and Mrs. Williams, testified as part of appellees' case. Despite having signed one of the submitted affidavits, Mrs. Bolds, from the witness stand, denied any personal knowledge as to the truthfulness of the written declarations she had made. Mrs. Williams testified concerning her marriage to decedent and their inability to have children due to a "mild impotent" problem. Medical reports, although disclosing decedent's complaints of sexual dysfunction, indicated normal results from a semen analysis. Indeed, notwithstanding any existing difficulties, Mrs. Williams herself admitted having sexual relations with decedent as late as 1984.
Although finding appellant and decedent lived together at the time of conception and that the community accepted the child as his, the trial court concluded that the evidence did not clearly and convincingly establish paternity. Thus, the mother's succession claims, made on behalf of her son, were dismissed. The judgment also recognized Sonya Williams as decedent's sole heir.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Appellant challenges, by these assignments of error, the court's determination that she failed to prove her son's filiation to decedent by clear and convincing evidence, and that the acknowledged daughter is the sole heir of decedent entitled to possession of his estate.
LSA-C.C. Art. 209(B) provides:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
Proof by clear and convincing evidence requires more than "a preponderance of the evidence," the traditional measure of persuasion, but less than "beyond a reasonable doubt," the stringent criminal standard. Succession of Bartie, 472 So.2d 578 (La.1985); Succession of Lyons, 452 So.2d 1161 (La.1984). Proof by a preponderance requires that the evidence, taken as a whole, show that the fact sought to be proved is more probable than not. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La.1976); Succession of Sanders, 485 So.2d 126 (La.App.2d Cir.1986), writ denied, 487 So.2d 443 (La.1986).
The distinct standard, persuasion by clear and convincing evidence, is usually applied "where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds." McCormick on Evidence, Section 340(b) (2d Ed.1972). See also Succession of Lyons, supra. Hence, by amending LSA-C.C. Art. 209 in 1982, to require illegitimates to prove filiation to an alleged deceased parent by clear and convincing evidence, the Legislature furthered a public policy to protect individuals and their families from potentially spurious claims brought at a time when the putative father cannot defend himself against paternity allegations. Spaht, Developments in the Law, 1981-1982Persons, 43 La.L.Rev. *1142 535 (1982). See also, e.g., Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982); Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), both recognizing a legitimate state interest in preventing fraudulent assertions.
Whether there has been adequate proof of descent from an alleged parent is a question of fact. Worley v. Thirdkill, 506 So.2d 1288 (La.App.2d Cir.1987). And, of course, a trial court's determination of factual issues will not be disturbed, absent manifest error. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Upon review, the evidence more than adequately supports the findings of the trial court that:
1) Sibbie Hines cohabited with the decedent for a period of more than one year before his death.
2) Sibbie Hines became pregnant during the time she lived with decedent.
3) Friends of the decedent "took it for granted" that the child of Sibbie Hines was also the child of decedent.
4) Decedent never specifically acknowledged that the expected child was his.
We similarly concur, however, that these established facts do not prove paternity by clear and convincing evidence.
Appellant misinterprets IMC Exploration Co. v. Henderson, 419 So.2d 490 (La. App.2d Cir.1982), writ denied, 423 So.2d 1149, 1150 (La.1982), to hold that a mother's living in concubinage with the alleged father at the time of conception, coupled with "reputation" or "rumor" evidence as to the identity of the father, suffices to establish filiation even by a clear and convincing standard. The decision, quite simply, does not stand for that proposition. Moreover, its reference to concubinage at conception arises from provisions of then LSA-C.C. Art. 209, which were deleted by subsequent amendments. La.Acts 1981, No. 720; Acts 1982, No. 527; Acts 1984, No. 810. Further, the 1982 amendment to the article heightened the burden of proof to that previously mentioned. By no means has appellant met the clear and convincing requirement now imposed upon her.
Particularly noteworthy is the absence of any evidence of decedent acknowledging the child or making provisions for him. Although there is no magical language required to constitute an acknowledgment, it certainly must be more than a statement made by an alleged father that his paramour is pregnant. In order to prove paternity, private acknowledgments must be "of a continuous, habitual and unequivocal nature; that is, of a sufficient frequency that there can be little doubt that the alleged father truly believes himself to be the father of the child." IMC Exploration, supra, at 508. Actions by a putative father, such as paying medical bills, going to the doctor's office or hospital with the mother during her pregnancy, or purchasing necessaries for the expected child, should reasonably be considered in regard to acknowledgment of paternity. None of this was satisfactorily shown at trial.
Accordingly, appellant failing to establish filiation by clear and convincing evidence, these two assignments lack merit.

ASSIGNMENT OF ERROR NO. 3
After judgment was rendered adverse to appellant, she filed a motion for new trial based upon the discovery of new evidence. She now claims the trial court erred in denying that motion.
Appellant alleges she belatedly discovered a worker's compensation judgment, signed by the same judge approximately three years before the present trial, recognizing Sonya A. Williams, a Coreyan R. Malone, and appellant's son as "dependent acknowledged natural children" of decedent, and awarding death benefits to them. It is argued that the determination in that case is res judicata, must be accepted in subsequent proceedings, and necessitates reversal of the unfavorable judgment sub judice.
LSA-C.C. Art. 3556(31) defines res judicata, or the "thing adjudged," as:
that which has been decided by a final judgment, from which there can be no *1143 appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.
LSA-R.S. 13:4231 (formerly LSA-C.C. Art. 2286) outlines the elements of res judicata as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Appellant submitted only a copy of the worker's compensation judgment in support of the motion for new trial. Our review indicates that, in that earlier proceeding, the object of the demand was compensation death benefits. Any collateral issue decided there, in determining a party's entitlement to such benefits, is not a thing adjudged and barred from relitigation in this action to establish paternity in order to be recognized as an heir.
Appellant actually asserts the doctrine of collateral estoppel, an issue preclusion device. That concept bars, in a subsequent suit on a different cause of action between the parties, relitigation of material facts previously litigated and relied upon by a court. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Finding this approach at odds with the narrow civilian concept of res judicata, the Louisiana Supreme Court in Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), termed collateral estoppel alien to, and inapplicable in, Louisiana.[1]
We thus find no merit in the new trial request based on res judicata, or emanating from the earlier worker's compensation proceeding.
Nor does LSA-C.C.P. Art. 1972(2) assist appellant. That article provides that a new trial may be granted when a party later discovers evidence important to the cause, but which could not have been discovered or obtained before or during trial, even with the exercise of due diligence. "Due diligence" does not require the doing of everything possible to discover evidence, but does mandate that a party do all that is reasonable to lead to the discovery of the evidence. Barker v. Rust Engineering Co., 428 So.2d 391 (La.1983). Appellant has not advanced any justification for her failure or inability to produce, before or during trial, the judgment rendered in earlier proceedings in which she, and her trial lawyer's firm, apparently participated. Accordingly, the lower court did not err in denying the motion for a new trial. Jessen v. Jessen, 386 So.2d 953 (La.App.3rd Cir. 1980).

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed, all costs being assessed against plaintiff-appellant, Sibbie Lee Hines.
AFFIRMED.
NOTES
[1] Res judicata is expanded, effective January 1, 1991, by La. Acts 1990, No. 521.