638 So.2d 250 (1994)
Bernard Eugene LANNES
v.
JEFFERSON DOOR COMPANY.
No. 94-CA-1.
Court of Appeal of Louisiana, Fifth Circuit.
May 11, 1994.
*251 Frank A. Bruno, New Orleans, for plaintiff/appellee.
James W. Hailey, Jr., Metairie, for defendant/appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
In this workers' compensation matter, defendant appeals a ruling which found the plaintiff to be temporarily totally disabled from a mental injury caused by a physical injury. For the following reasons, we affirm.

FACTS
The parties have stipulated to the following pertinent facts. Plaintiff worked for defendant-employer from October 30, 1979, until he suffered a work-related injury to his back on July 19, 1990. As a result of the injury, plaintiff was temporarily totally disabled and received workers' compensation benefits until November 6, 1991, when he was released to light duty by his treating physician. At that time, plaintiff had reached maximum medical improvement for his back injury and defendant offered plaintiff a job which was within the physical restrictions set by his treating physician. Plaintiff attempted to return to work, but alleges that he has been unable to perform his new duties because of a mental injury which was induced by the physical injury to his back.
A trial on the merits was held before an Office of Workers' Compensation hearing officer on March 31, 1993. On April 14, 1993, the hearing officer issued a ruling, finding plaintiff temporarily totally disabled under the workers' compensation laws because of a mental injury which was caused by the physical injury to plaintiff's back. The sole issue on appeal is whether or not the hearing officer erred in finding that the plaintiff proved by clear and convincing evidence that his mental injury was caused by his physical injury.

DISCUSSION
The applicable statute to the situation before us is LSA-R.S. 23:1021(7)(c), which provides:
(c) Mental injury caused by physical injury. A mental injury or illness caused by a physical injury to the employee's body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
Appellant argues that plaintiff failed to meet this more stringent burden of proof when presenting his case. We disagree.
R.S. 23:1021(7)(c) was enacted by the Louisiana Legislature as part of a package of revisions to the Workers' Compensation laws (Acts 1989, No. 454, effective January 1, 1990) and partly in response to the Louisiana Supreme Court decisions of Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989) and Williams v. Regional Transit Authority, 546 So.2d 150 (La. 1989), which allowed recovery of workers' compensation benefits for job-related mental injuries. The new "clear and convincing evidence" standard required by R.S. 23:1021(7)(c) is a heavier burden of proof than the usual civil case "preponderance of the evidence" standard, but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. See, Bryant v. Giani Investment Co., 626 So.2d 390, 392 (La.App. 4th Cir.1993), and the cases cited therein. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. See, Hines v. Williams, 567 So.2d 1139, 1141 (La.App. 2d *252 Cir.1990), writ denied, 571 So.2d 653 (La. 1990), and the cases cited therein.
In the matter before us, the plaintiff testified at trial that he was in good health prior to the work-related back injury and began experiencing debilitating depression after the injury. Plaintiff testified that prior to his back injury, he had not missed work due to depression or a panic disorder nor had he ever sought medical treatment for emotional problems. Plaintiff further testified that after his back injury, he received less disposable income, which caused financial problems and contributed to the loss of his home to his creditors. After his back injury, his marital relations with his wife also deteriorated. Plaintiff's testimony, which was uncontroverted by defendant, was also corroborated by the testimony at trial of his wife.
Plaintiff's treating psychiatrist, Dr. Sidney Smith, testified via deposition that plaintiff suffered from depression and panic disorder, and that these conditions rendered him unable to return to work. Dr. Smith opined that plaintiff's back injury was one of several factors which caused his debilitating mental problems. However, plaintiff's mental disability only manifested itself after his back injury. Further, evidence revealed that plaintiff had also suffered a previous work-related back injury in 1987, from which he recovered and returned to work without any difficulties. Dr. Smith also felt that with the proper treatment, plaintiff would be able to return to the lighter duty job in three to six months.
After reviewing all of the evidence, including both the lay and medical testimony and the applicable law, the hearing officer determined that the evidence is clear and convincing that plaintiff is disabled because of a mental illness, and that the evidence is clear and convincing that plaintiff's back injury of July 19, 1990 was causally related to the subsequent mental illness, especially in light of plaintiff's good mental health prior to the back injury. The hearing officer therefore awarded plaintiff temporary total disability compensation for his mental illness.
Factual findings regarding the existence, causation and duration of disability are entitled to great weight and should not be disturbed on appeal absent manifest error. Bailey v. Zurich American Insurance Co., 503 So.2d 611, 614 (La.App. 4th Cir.1987). Whether or not a party has met his burden of proof is likewise a factual finding subject to the manifest error rule. After a thorough review of the record, we cannot say that the hearing officer was manifestly erroneous in finding that plaintiff proved by clear and convincing evidence that his mental injury was caused by his physical injury. Accordingly, for the foregoing reasons, the ruling of the hearing officer in favor of plaintiff is affirmed. Costs of these proceedings are assessed against defendant.
AFFIRMED.