649 So.2d 1177 (1995)
Robert BUNDREN, Plaintiff-Appellee,
v.
AFFILIATED NURSING HOMES, INC., Defendant-Appellant.
No. 94-808.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1178 J. Marc Lampert, David D. Lind, Alexandria, for Robert Bundren.
James Dey Kirk, Alexandria, for Affiliated Nursing Homes, Inc.
Before WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
This is a workers' compensation case. The defendant appeals from the hearing officer's judgment that plaintiff's "panic disorder" was caused by a work related accident, and that defendant was arbitrary and capricious in failing to pay for plaintiff's psychological treatment.

FACTS
The plaintiff, Robert Bundren, who was employed by the defendant, Affiliated Nursing Homes, Inc., was injured in the course of his employment on December 9, 1991 when he physically restrained a patient from committing suicide. As a result of this work accident, Mr. Bundren was "beat up" and suffered injuries to his thoracic vertebrae, shoulder, jaw, and knee. Also, approximately forty-eight hours after the accident, he began suffering from anxiety attacks in which he would get "trembles and shakes and panic feelings."
The defendant paid Mr. Bundren $182.09 per week in temporary total disability benefits from December 12, 1991 until July 2, 1992, when Dr. Kenneth Johnson, his family physician, and Dr. James Quillin, his psychologist, released him to light duty work. The defendant also paid all of his medical expenses for his physical injuries; however, it did not pay the $2,315 bill from Dr. Quillin for psychological treatment.
Subsequently, Mr. Bundren brought suit requesting that his benefits be reinstated, and seeking recovery for medical expenses for his treatment from Dr. Quillin. The issues at trial were: (1) the extent of his disability, if any, after July 2, 1992; (2) whether the work accident caused his anxiety attacks; (3) whether defendant was liable for Dr. Quillin's bill; and, (4) defendant's liability for attorney's fees. The case was tried on December 8, 1993 and the hearing officer rendered judgment on February 1, 1994, finding that Mr. Bundren was not disabled past July 2, 1992 and that his anxiety attacks were caused by the work accident. The hearing officer awarded him $2,315 for medical expenses and $2,500 in attorney's fees.
*1179 The defendant appeals from that judgment and asserts the following assignments of error: The hearing officer erred in finding that (1) Mr. Bundren proved by clear and convincing evidence that his mental disability was caused by the work accident and that Dr. Quillin's diagnosis of "panic disorder" met the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association; and, (2) the defendant was arbitrary and capricious in failing to pay for treatment of his "panic disorder." We disagree and affirm the judgment of the hearing officer for the following reasons.

LAW

CAUSATION
An employee has to prove by clear and convincing evidence that his mental injury or illness was caused by a work related accident. La.R.S. 23:1021(7)(b). The new "clear and convincing" standard is a heavier burden of proof than the usual civil case of "preponderance of the evidence" standard but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. Lannes v. Jefferson Door Co., 638 So.2d 250 (La.App. 5 Cir.1994). To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable; that is, much more probable than its nonexistence. Hines v. Williams, 567 So.2d 1139 (La.App. 2 Cir.), writ denied, 571 So.2d 653 (La.1990).
The issue of disability presents a legal, not purely medical question, which must be determined through a consideration of both lay and medical testimony. Taylor v. Louisiana-Pacific Corp., 602 So.2d 48 (La. App. 3 Cir.), writs denied, 606 So.2d 541, 542 (La.1992). Whether a party has met his burden of proof is a factual finding and will not be disturbed on appeal absent manifest error. Lannes, supra. If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that it would have weighed the evidence differently had it been sitting as the trier of fact. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
In the case sub judice, Mr. Bundren testified that he had a previous anxiety attack for a "short spurt" in 1988 when both of his parents died; however, he stated that he did not have symptoms of anxiety again until approximately forty-eight hours after the physical altercation with the patient who was attempting suicide. His wife, Zelma, gave several examples of how he changed after the accident, namely: (1) he became withdrawn, reclusive, and stayed mostly in the house; (2) he suffered from anxiety attacks daily; (3) he could no longer participate in activities that they did prior to the accident, such as involvement with clubs, and socializing with friends; and, (4) his dependence on alcohol "accelerated" after the accident to help him "escape" from that "jittery feeling that he gets."
Dr. Quillin, who treated Mr. Bundren for five months, diagnosed him with "panic disorder," which he felt had a "direct causal relationship" with the work accident. Dr. Johnson, who treated him for ten months, opined that his anxiety problems stemmed from the accident. Dr. Paul D. Ware, defendant's expert in psychiatry, who examined Mr. Bundren once only for diagnostic purposes after litigation had begun, testified that his "panic disorder" was not related to the work accident because in the usual case it "occurs out of the blue" and it is not "normally associated with precipitating stress factor." However, Dr. Ware did admit that he did not have symptoms of "panic disorder" prior to the accident, and that the symptoms of "panic disorder" appeared forty-eight hours after the accident.
We believe for the following reasons that the hearing officer had a reasonable basis in the record to find Mr. Bundren had proved by clear and convincing evidence that his anxiety attacks were caused by the work related accident, namely: (1) prior to the accident, he did not suffer from symptoms of anxiety; (2) the very stressful nature of the accident: preventing a patient from committing suicide; (3) shortly after the accident, he began to have anxiety attacks; and, (4) the diagnosis of his treating physicians, Drs. Johnson and Quillin, who opined that Mr. Bundren's anxiety attacks are related to *1180 the accident, is entitled to more weight than that of Dr. Ware, who examined him once for diagnostic purposes in preparation for litigation. DeGruy v. Pala, Inc., 525 So.2d 1124 (La.App. 1 Cir.), writ denied, 530 So.2d 568 (La.1988).
Next, the defendant argues that Mr. Bundren cannot recover because he failed to prove that Dr. Quillin's diagnosis "meets the criteria as established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders presented by the American Psychiatric Association" as required by La.R.S. 23:1021(7)(d). However, we find that this technicality is not dispositive in the case sub judice because: (1) Mr. Bundren was diagnosed with "panic disorder" by a licensed psychologist, Dr. Quillin, and two licensed psychiatrists, Dr. W.D. Goodin, an independent examiner for the Office of Workers' Compensation, and the defendant's own expert, Dr. Ware; (2) before rendering a diagnosis, each doctor questioned Mr. Bundren about his medical history and conducted a mental examination; and, (3) there is no evidence in the record indicating that any of these diagnoses were unreliable. Thus, we find that this argument is without merit.

ATTORNEY'S FEES
The hearing officer awarded Mr. Bundren $2,500 in attorney's fees because she found that the defendant produced no evidence to sufficiently controvert his need for psychological treatment from Dr. Quillin. We agree.
A workers' compensation claimant will be entitled to attorney's fees if the employer acts arbitrarily and capriciously in refusing to pay for necessary medical services. See Menard v. Multi-Service Corp., 546 So.2d 952 (La.App. 3 Cir.1989). A hearing officer has great discretion in the award of attorney's fees, and his or her decision will not be disturbed by an appellate court unless it is clearly wrong. Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993).
In the case sub judice, the defendant notified Mr. Bundren by a letter dated February 20, 1992, that it would not pay for psychological evaluation because the "medical necessity of the services has not been documented." However, the next day, Dr. Lawrence Drerup, who was treating Mr. Bundren at that time for his physical injuries, sent a letter to Kay Love of F.A. Richards and Associates, the workers' compensation adjuster for the defendant, advising her that:
"Mr. Robert Bundren has been under my care since 1-27-92 for cervical spine pain following a job related injury. Mr. Bundren also suffers nervousness and fear related to his pain. He is quite anxious and disturbed following his accident. For this reason I have suggested that he undergo neuropsychological evaluation and intervention with Dr. Jim Quillin."
At that point, at the least, the defendant had a duty to investigate further whether payment for Mr. Bundren's psychological evaluation was warranted. However, the defendant did not act. Further, Lymon B. Phillips, Jr., a manager with F.A. Richards and Associates, admitted that when Mr. Bundren's benefits were terminated, they had all the medical records from his doctors. The record substantiates that these medical records should have clearly informed the defendant that: (1) Dr. Drerup felt that Mr. Bundren needed psychological treatment from Dr. Quillin as early as February 21, 1992; and, (2) Dr. Quillin felt his anxiety was directly related to the work accident. The defendant still refused to pay for treatment. It was only after the Office of Workers' Compensation appointed an independent medical examiner, Dr. Goodin, who found that Mr. Bundren needed psychological treatment, and after Mr. Bundren instituted this suit, that the defendant hired its own physician, Dr. Ware, to determine whether Mr. Bundren's claim for treatment was valid. The defendant should have conducted this investigation earlier; thus, the hearing officer was not clearly wrong in awarding attorney's fees.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed against the defendant.
AFFIRMED.