657 So.2d 325 (1995)
Eneida GUIDRY, Plaintiff-Appellant,
v.
PICADILLY CAFETERIAS, INC., Defendant-Appellee.
No. 95-12.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1995.
Writ Denied September 29, 1995.
*326 John Franklin McKay, Baton Rouge, for Eneida Guidry.
Russell Joseph Stutes Jr., Lake Charles, for Piccadilly Cafeterias, Inc.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
WOODARD, Judge.
This appeal arises from the denial of plaintiff's claim for workers' compensation benefits.

FACTS
On August 29, 1992, plaintiff, Eneida Guidry suffered first and second degree burns when she spilled boiling water on her left leg and foot during the course of her employment with defendant, Piccadilly Cafeterias, Inc. (Piccadilly). She continued to experience burning pain after the burns healed. On the basis of a clinical examination and a thermogram, Dr. Stuart Phillips, her treating physician, opined that she was suffering from reflex sympathetic dystrophy syndrome (RSD).
Ms. Guidry filed a disputed claim for temporary total disability (TTD) workers' compensation benefits on August 18, 1993 because Piccadilly refused to pay. She alleged that she could not work because of her RSD, but the hearing officer rendered judgment in favor of Piccadilly, finding that Ms. Guidry failed to prove, by clear and convincing evidence, that she is disabled. Ms. Guidry now appeals, asserting that the hearing officer erred in reaching this conclusion.

LAW
An employee seeking TTD benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(1)(c). The "clear and convincing" standard is a heavier burden of proof than the usual civil "preponderance of the evidence" standard but less burdensome than the "beyond a reasonable doubt" standard of criminal law. Bundren v. Affiliated Nursing Homes, Inc., 94-808 (La.App. 3 Cir. 2/1/95); 649 So.2d 1177. To prove a matter by clear *327 and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable; that is, much more probable than its nonexistence. Id.
The issue of disability presents a legal, rather than purely medical, question which must be determined through consideration of both lay and medical testimony. Bundren, 649 So.2d 1177. Whether a party has met his or her burden of proof is a factual finding and will not be disturbed on appeal absent manifest error. Id. If the hearing officer's findings are reasonable in light of the record viewed in its entirety, the court of appeal may not reverse, even if convinced that it would have weighed the evidence differently had it been sitting as the trier of fact. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
The testimony of a patient's treating physician should ordinarily be afforded more weight than that of an examining physician. Nugent v. Continental Casualty Co., 93-867 (La.App. 3 Cir. 3/2/94); 634 So.2d 406. Additionally, positive findings as to the existence of an injury are to be afforded more weight than negative findings. Guillory v. City of Crowley, 93-1060 (La.App. 3 Cir. 8/31/94); 643 So.2d 196.
In the case sub judice, Ms. Guidry claims that she cannot perform jobs requiring her to stand for extended periods of time because she experiences severe burning pain in her leg and foot. However, she also testified that sitting is not nearly as painful as standing and that she is able to engage in activities, such as folding clothes, while sitting, without experiencing severe pain. She refused to state that she could not perform a job in which she could sit but claimed that she had not sought such a job because of her pain and because Dr. Phillips, her treating physician, had not released her to work.
Dr. Phillips stated, "I doubt seriously if she is going to be able to stand all day, every day at a job anymore ... I don't believe she's able to work at the present time." Additionally, he wrote in his notes of each visit by Ms. Guidry, between May 1993 and June 1994, that her disability status was "Total, temporary," presumably indicating that he believed her to be incapable of performing any kind of work. However, in his notes of her January 1994 visit, Dr. Phillips stated that:
As of now, this lady has a blue, cold leg. It isn't the worst in the world. It isn't the best either. I'd really like to know exactly what I am treating before I make a specific diagnosis. Presumptive diagnosis due to a positive thermogram, the cold leg, and the pain out of line with objective findings suggests reflex sympathetic dystrophy.
He also stated that his diagnosis was not made to a reasonable medical probability, because it was necessary to conduct a triphasic bone scan and a sympathetic block of her lower left leg in order to confirm the diagnosis. There is no evidence in the record indicating that either of these procedures was ever performed.
No other physician who examined Ms. Guidry stated that she is unable to engage in gainful employment. Dr. William F. Foster, Jr., a neurosurgeon, opined that "There is a possibility that Ms. Guidry may have a sympathetic dystrophy," which he stated was "the most likely diagnosis," but he did not state that she is disabled. Dr. James R. Lafleur, Ms. Guidry's independent medical examiner, and Dr. J. Lee Leonard, who examined Ms. Guidry for Piccadilly, stated explicitly that she could return to her full pre-injury work status. Dr. Phillip Purpera, who treated Ms. Guidry's burns for Piccadilly immediately after she reported them, released her back to work with no restrictions.
Thus, Dr. Phillips provided the only positive medical evidence of a continuing disabling condition, and even his opinion is equivocal as to whether she is totally disabled. His concern appears to have been related primarily to jobs requiring her to stand for significant periods of time, and he does not address whether she can perform sitting jobs. Moreover, he admitted that his diagnosis is presumptive and not medically reasonably probable. Ms. Guidry's testimony similarly fails to support her claim that she is disabled from performing any gainful employment, because she stated that her leg and foot hurt much less when she does not stand up or walk and that she could sit to fold clothes. Consequently, *328 even affording Dr. Phillips' opinion and positive findings regarding RSD greater weight than those of the other physicians, it is clear that the hearing officer did not err manifestly in finding that Ms. Guidry has failed to prove by clear and convincing evidence that she is disabled from all gainful employment.

CONCLUSION
For the foregoing reasons, we affirm the decision of the hearing officer in favor of appellee, Piccadilly Cafeterias, Inc. Costs of this appeal are assessed against appellant, Eneida Guidry.
AFFIRMED.