673 So.2d 1157 (1996)
Sarah R. MALBRUE, Plaintiff-Appellee-Appellant,
v.
ST. LANDRY PARISH SCHOOL BOARD, Defendant-Appellee-Appellant.
No. 95-1426.
Court of Appeal of Louisiana, Third Circuit.
April 24, 1996.
*1158 Christopher Alan Edwards, Lafayette, for Sarah R. Malbrue.
Peter Forrestt Caviness, Opelousas, for St. Landry Parish School Board.
Before KNOLL, WOODARD and PETERS, JJ.
WOODARD, Judge.
The issues in this worker's compensation case concern entitlement to continuing weekly indemnity benefits, attorney fees and penalties, and whether the work-related accident caused a number of the plaintiff's disabilities.

FACTS
This matter came before the worker's compensation administrative hearing officer in Opelousas on May 22, 1995. The parties stipulated that the claimant, Sarah Malbrue, on January 7, 1993, slipped and fell and was injured within the course and scope of her *1159 employment with the St. Landry Parish School Board. They further stipulated as to Malbrue's average weekly wage and as to the compensation rate, and that she was paid temporary total disability from January 7, 1993, through August 9, 1993, and again from April 1, 1994, through June 9, 1994.
The issues to be resolved were: (1) the nature and extent of Malbrue's injury and disability; (2) whether she was entitled to temporary total disability and/or supplemental earnings benefits from June 9, 1994, through the present; (3) whether Malbrue was entitled to further medical treatment; and (4) whether the School Board was arbitrary and capricious in terminating her benefits.
Judgment was rendered July 20, 1995, the hearing officer finding in part for both parties and issuing these rulings: (1) Malbrue suffered an accident and injury in the course and scope of her employment which resulted in fibromyalgia and in a mitral valve prolapse; (2) Malbrue was entitled to payment of medical expenses related to fibromyalgia and mitral valve prolapse per the fee schedule, and she was also to be reimbursed for any out-of-pocket expenses associated with those two conditions; (3) the School Board was ordered to authorize an evaluation of the TMJ complaints of Malbrue; (4) Malbrue was not entitled to indemnity benefits after June 9, 1994, through the date of the hearing; (5) the School Board was not arbitrary and capricious in terminating Malbrue's indemnity benefits; (6) the School Board was arbitrary and capricious in not authorizing medical evaluation and/or treatment for fibromyalgia, mitral valve prolapse, and TMJfor this failure (7) the School Board was condemned to pay penalties of $1,000.00 and attorney fees of $1,000.00; and (8) the School Board was cast with all costs of the administrative proceedings.
Both parties have appealed, each taking exception to some of the hearing officer's rulings.

ASSIGNMENTS OF ERROR
Malbrue contends that: (1) the hearing officer erred in finding that the claimant was not entitled to temporary total disability benefits from June 9, 1994, and continuing; (2) attorney fees at the trial court level should be increased from $1,000.00 to $2,500.00; and (3) additional attorney fees in the amount of $1,500.00 should be awarded for representation on appeal.
The School Board claims the hearing officer erred in ruling that: (1) Malbrue's accident and injury caused a mitral valve prolapse; (2) Malbrue was entitled to payment of medical expenses related to the mitral valve prolapse; (3) the School Board was to have Malbrue's TMJ complaints medically evaluated; and (4) the School Board was arbitrary and capricious for not authorizing medical evaluation and/or treatment for fibromyalgia, mitral valve prolapse, and TMJ, which called for $1,000.00 in penalties and $1,000.00 in attorney fees.

LAW & DISCUSSION
The scope of appellate review for worker's compensation cases is the same as that which is applicable to district court findings: the hearing officer's findings of fact are not to be set aside by the court of appeal unless those findings are clearly wrong/manifestly erroneous in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706. The reviewing court must give great weight to the trier of fact's factual conclusions (in this case, the hearing officer's), and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even if the appellate court believes its own evaluations and inferences are as reasonable. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Frelow v. Mills, 94-799 (La.App. 3 Cir. 12/7/94), 647 So.2d 475, writ denied, 95-65 (La. 3/10/95), 650 So.2d 1180.

CONTINUING TTD BENEFITS
In her reasons for judgment, the administrative hearing officer, after summarizing the findings and opinions of the physicians who had treated or examined Malbrue, concluded that "the medical evidence submitted at trial is insufficient to prove continuing disability. The majority of doctors released *1160 her to return to her former employment; Dr. Dugal, her family physician, is the only doctor who placed any significant restrictions on her activities." In her brief to this court, the plaintiff does not refute the findings and opinions of these doctors, or state why the hearing officer was wrong in relying on those findings and opinions. Malbrue makes no legal argument as to this, or any other, issue. Instead, she contends that because she has medical problems, she is therefore disabled and should be entitled to indemnity benefits.
That, however, is not the standard for entitlement to temporary total disability benefits. To be entitled to receive TTD benefits, Malbrue has the burden of proving by clear and convincing evidence, unaided by any presumption, that she cannot engage in any type of employment. La.R.S. 23:1221(1)(c); Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993); Bundren v. Affiliated Nursing Homes, 94-808 (La.App. 3 Cir. 2/1/95), 649 So.2d 1177. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, much more probable than its nonexistence. Id. Whether this burden of proof has been met is a factual finding and will not be disturbed on appeal absent manifest error. Id.
A review of the record in this case amply supports the findings of the hearing officer that Malbrue was not entitled to TTD benefits after June 9, 1994. The overwhelming medical evidence and opinion indicate that Malbrue can return to her job or similar work. In fact, as of the hearing, her position with the School Board awaits her return. Therefore, the hearing officer did not manifestly err, and this assignment is without merit.

CAUSATION: MITRAL VALVE PROLAPSE
The School Board does not contest the hearing officer's finding that Malbrue's fibromyalgia was caused by her on-the-job accident. Thus, it does not object to paying the medical expenses associated with her fibromyalgia. The School Board does, however, object to paying the medical expenses associated with Malbrue's mitral valve prolapse, contending that the hearing officer erred in concluding that this infirmity was caused by her accident.
Malbrue's medical expenses associated with her mitral valve prolapse are compensable, for worker's compensation purposes, only if they are occasioned by the work-related injury. La.R.S. 23:1203(A); Walker v. Halliburton Services, Inc., 93-722 (La.App. 3 Cir. 3/1/95), 654 So.2d 365, rehearing granted in part and amended on other grounds, writ denied, 95-1507 (La. 9/22/95), 660 So.2d 481. It is she, as claimant, who must establish her claim for medical benefits, and she must show that her medical expenses are related to the work accident to a reasonable certainty and by a preponderance of the evidence. See id.
The hearing officer rested her determination that the work accident and injury caused Malbrue's mitral valve prolapse solely on medical record notations by Dr. Steve Rees, a specialist in physical medicine and rehabilitation electromyography, that Malbrue "is to have her tachycardia [rapid pulse] evaluated by her primary physician, Dr. Dugal. It is possible this could be a side effect of the medication Elavil, if so we may need to switch, although, [sic] most of the anti-depressant medications tend to have some of these cardiac side affects [sic]." The hearing officer considered these comments to be "a sufficient showing as to the relationship between the work injury and the diagnoses of... prolapse mitral valve. Dr. Rees indicated that the cardiac condition could be a side effect of the medication he had prescribed and the employer offered no evidence to refute this."
We disagree with the hearing officer's decision. There is nothing to refute. We do not read Dr. Rees's statement as relating her tachycardia to her work injury; nor was it proven, nor can we even infer from his comment alone, that her tachycardia was a symptom or an outcome of a mitral valve prolapse. Moreover, if Dr. Rees had indeed stated that there was such a link, we cannot say, without more, that such an opinion would be warranted or sufficient to establish that her work mishap caused the mitral valve prolapse, as Dr. Rees is not a specialist in a field related to mitral valve prolapses. Besides, the link, *1161 if any, is only a "possible" one, and the burden of proof that must be met is not that the on-the-job accident could have possibly caused the disability in question. In addition, the specialist in this area, Dr. Mehmood Patel, the cardiologist who diagnosed the mitral valve prolapse, ventured no opinion in his medical records, which were admitted into evidence, on whether the accident caused the disability. We also note that, significantly, the record does not show that Dr. Patel's opinion on the subject was solicited in any way. The plaintiff's position is that, because her symptoms developed after the accident, ergo, the accident must have caused the condition. Again, the plaintiff cites no authority that an unsupported, self-serving assertion, without more, is legally adequate to prove causation.
We find that Malbrue failed to meet her burden of proof. She has not shown, to a reasonable certainty and by a preponderance of the evidence, that her work-related injury caused the mitral valve prolapse. We find that the reasons given by the hearing officer in her reasons for judgment are insufficient to support her decision. Therefore, we conclude that the hearing officer was clearly wrong in awarding medical expenses associated with the mitral valve prolapse.
Thus, finding that the defendant's assignment of error has merit, we reverse the hearing officer on this issue.

CAUSATION: TMJ COMPLAINTS
The issue of disability presents a legal, not a purely medical, question, which must be determined through consideration of both lay and medical testimony. Walker, 654 So.2d 365. The work accident is presumed to have caused the employee's disability when she proves that: (1) before the accident, she had not manifested the disabling symptoms; (2) commencing with the accident, the disabling symptoms appeared; and (3) there is either medical or circumstantial evidence indicating a reasonable possibility of a causal connection between the accident and the disabling condition. Id. "Once an employee establishes the presumption of a causal relationship, the employer must produce evidence and persuade the trier of fact that it is more probable than not that the injury was not caused by the accident." Id. at 369.
It is Malbrue's position that her TMJ problems were caused by the work accident because she had no such problems before the accident and because she has suffered head pain and head problems commencing with the accident. In this instance, there is both medical and lay testimony to substantiate her claim. Medical records support that Malbrue has had head pain complaints since she was hurt on the job. Notwithstanding, the hearing officer believed that she needed more evidence in order for her to determine whether the TMJ was connected to the accident. For that reason, the hearing officer ordered the School Board to authorize an evaluation of Malbrue's "TMJ complaints and/or to request a report from her treating dentist in regards to this condition. Once this is done, either party may file a rule to show cause why treatment and payment should not be ordered." We cannot say that the hearing officer erred in concluding that the existing medical and lay testimony, although not definitively proving causation, established a connection between the accident and her subsequent TMJ complaints to a degree sufficient to warrant further medical evaluation and investigation, which the defendant is obligated to undertake.
A case similar in facts, and suggestive of the appropriate analytical approach, is Whittington v. Rimcor, Inc., 601 So.2d 324 (La. App. 2 Cir.), writ denied, 605 So.2d 1366 (La.1992). In Whittington, the trial court denied the plaintiff's claim for the cost of a medical evaluation for TMJ because it found that any TMJ problem Whittington had was not related to his work accident. The appellate court in Whittington reversed, holding that the trial court's conclusion could not be reasonably drawn from the evidence in the record. In Whittington, the plaintiff only sought, at the recommendation of a treating physician, payment for an evaluation by a specialist to determine whether he had TMJ problems and his opinion whether they were related to the work accident. Had the hearing officer in this case held the same as the trial court in Whittington, we would have had to reverse for the same reason that the *1162 appellate court did there. What the claimant sought in Whittington, and what was granted by the court of appeal, is what the hearing officer proposes in this case: further medical evaluation by a medical specialist and an opinion whether the accident caused the subsequent TMJ problems.
The School Board objects to this ruling, contending that Malbrue, as claimant, had to establish a connection as part of meeting her general burden of proof. However, that ignores the rule that the employer must rebut the presumption once established, as stated in Walker. But even if no presumption applies, the hearing officer's ruling is permissible because the defendant has a duty and an obligation to investigate and evaluate medically the plaintiff's claim that her TMJ symptoms were the result of her accident. Determining whether the TMJ problems are associated with head injuries she suffered as a result of the accident is part and parcel of that duty, as is determining what treatment is necessary for injuries related to the accident, all of which the defendant is obligated to undertake. Id. This, the hearing officer concluded, the School Board had not done to a sufficient degree, and we cannot say the hearing officer erred in so ruling.
We note that the evidence supporting a causal connection as to her TMJ complaints is much stronger than that made as to the mitral valve prolapse. Malbrue suffered severe head injuries as a result of the accident. She testified, and medical evidence supports her testimony, that since the accident she has suffered head pain. The record, both as to medical and lay testimony, supports findings sufficient to establish at least a presumption. There is no indication that there could be any other cause for Malbrue's TMJ problems. Moreover, TMJ problems are, at least as a matter of first impression, more easily associated in one's mind with accidents such as the one Malbrue had than is a mitral valve prolapse. Hence, the causal relationship between the mitral valve prolapse and the accident is not as suggestive as that between the TMJ problems and the accident, and a presumption is not in order. Accordingly, the record, and the nature of the respective disabilities, supports the hearing officer in one instance but not in the other.
Finding that the defendant's assignment is meritless, we affirm the hearing officer on this issue.

ATTORNEY FEES & PENALTIES
The hearing officer assessed attorney fees of $1,000.00 and penalties of $1,000.00 against the School Board because it failed to authorize evaluation and/or treatment for Malbrue's fibromyalgia, mitral valve prolapse, and TMJ.
It is well-settled that a worker's compensation claimant is not entitled to attorney fees and penalties unless the employer acts arbitrarily, capriciously, or without probable cause. Walker, 654 So.2d 365; Whittington, 601 So.2d 324. First, we note that the plaintiff never contended at the hearing that the defendant refused to provide any treatment or evaluation requested, or refused to pay for any medical bill submitted. Indeed, the plaintiff clearly conceded at the hearing that she was not alleging that any penalties or fees were due her because the defendant refused to pay medical expenses or to sanction some particular treatment. The hearing officer seems to have assessed the penalties and fees because she thought the defendant had a "duty to authorize further evaluations in order to ascertain the nature of the relationship to the work-related accident and the necessity of further treatment. Their duty is not fulfilled by sending an injured worker to a doctor who is sure to draft an opinion favorable to them." The record does not support a finding that this is what the defendant did, nor that the plaintiff claimed that this is what the defendant did. Considering that all medical expenses submitted to the defendant were paid, that further evaluation as to the fibromyalgia was not necessary as the defendant always paid these expenses, that the mitral valve prolapse was not proven to be related to the accident, and that whether the TMJ problems were caused by the accident awaits further development, we cannot find that the record supports a finding that the defendant was arbitrary and capricious and without probable cause regarding treatment or further evaluation.
*1163 Therefore, we reverse the hearing officer on her award of attorney fees and penalties. We also find that added fees for representation on appeal are similarly unwarranted. Moreover, that they would be is only asserted, not argued, by the plaintiff.

CONCLUSION
For the foregoing reasons, we affirm in part, reverse in part, and remand with instructions. We reverse the administrative hearing officer's ruling that the plaintiff's mitral valve prolapse was caused by her work accident. We also reverse as to attorney fees and penalties, finding that none are warranted. In all other aspects we affirm the hearing officer's judgment, and we remand for the hearing officer to take whatever action she deems necessary, consistent with this opinion, to have the plaintiff's TMJ complaints evaluated further at the defendant's expense.
The cost of these proceedings are to be assessed equally to the parties.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
PETERS, J., concurs in the result.
KNOLL, J., dissents in part with reasons.
KNOLL, Judge, dissenting in part.
I agree with the results reached by the majority in all respects except as to the issue of TMJ causation.
In my view, the record does not support causation of the claimant's TMJ complaints; therefore, I would deny any benefits to the claimant as to her TMJ complaints.
For these reasons, I respectfully dissent in part.