JjDECUIR, Judge.
In this workers’ compensation case Obery Goodly appeals a judgment of the Office of Workers’ Compensation hearing officer awarding him $200.00 per week in indemnity benefits for the period November 18, 1994 through October 2,1995, subject to a $300.00 credit, $1,686.13 in unpaid medical expenses, penalties as provided by law, $2,500.00 in attorney fees, $750 expert witness fees, and costs. We affirm.
FACTS
Obery Goodly was employed by Robert Colston as a painter and general laborer. On January 25, 1994, while in the course and scope of his employment, Goodly fell from a roof. He suffered a compression fracture at LI and L2. He was treated by Dr. Dennis Walker, an orthopedic surgeon. In addition, he attended physical therapy sessions with Dr. Kevin Gorin through November 4, 1994. As of November 7,1994, a functional capacity and work hardening report indicated a medium level work |2capacity with lifting limited to 30 pounds. Dr. Walker released Goodly to work within those restrictions on November 7,1994.
Colston paid most medical expenses and appropriate wage indemnity benefits through November 18,1994. Colston testified that he terminated benefits after observing Goodly working. Goodly admitted to working at the time, but testified that he only worked two weeks for his brother. Colston documented this work by videotape dated December 2, 1994.
Goodly further testified that he experienced severe pain as a result of the work and sought medical treatment, but Colston refused to authorize it. However, on cross-examination Goodly admitted that he had never requested medical treatment from Col-ston.
In February 1995, Dr. Walker prescribed Soma with Codeine for Goodly’s pain. The prescription was for 30 pills with 2 refills. Dr. Walker testified that 30 pills could be used in a few days or over an extended period of time. Dr. Walker reiterated that Goodly could return to medium level work. Furthermore, he indicated that Goodly could work while taking the medication. Goodly did not return to a physician for approximately six months.
In September 1995, Goodly was involved in an automobile accident and was treated by Dr. Stephen Ayers. Dr. Ayers never treated Goodly for back pain and Goodly only indicated that his back hurt on the initial visit after the accident. Dr. Ayers prescribed Tylenol 3 for Goodly’s shoulder and neck pain related to the automobile accident.
On October 2, 1995, Colston, through counsel, offered Goodly a job within his restrictions at his previous pay rate. Goodly declined the offer because he was taking Tylenol 3 due to the auto accident.
*697 |3Goodly presented testimony from Harris N. Rowzie, a rehabilitation counselor. Rowz-ie indicated that Goodly could perform light duty work, but is seriously precluded due to his limited education and his pain medication. However, he acknowledged that Goodly could work as a painter if the job was modified, to 30 pounds lifting. It was also established that Goodly may be capable of employment as a valet attendant, and that such jobs were available.
The hearing officer awarded Goodly indemnity benefits from the date of the accident through the date of Colston’s job offer. In addition, he awarded past due medical expenses, penalties, attorney fees, and costs. Goodly lodged this appeal seeking additional benefits.
DISCUSSION
On appeal, Goodly alleges that the hearing officer erred in holding that his entitlement to temporary total disability benefits and his disability status terminated as of Colston’s October 2, 1995 job offer. Goodly argues that there is no relevant evidence regarding his ability to work associated with that date.
The manifest error standard of review is applicable to workers’ compensation cases. Alexander v. Pellerin Marble and Granite, 630 So.2d 706 (La.1994). The hearing officer’s assessments of the credibility of witnesses or the weight of the medical evidence is not to be disturbed unless clearly wrong. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825 (La.1987). Furthermore, where there is a conflict in testimony, reasonable evaluation of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Novak v. Texada, Miller, Masterson and Davis Clinic, 514 So.2d 524 (La.App. 3 Cir. 1987), writ denied, 515 So.2d 807 (La.1987).
In order to prove entitlement to temporary total disability, an employee must prove by clear and convincing evidence, unaided by any presumption of disability, that |4he is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(l)(e). Clear and convincing evidence •is a heavier burden than the “preponderance of the evidence” standard but is less than the “beyond a ' reasonable doubt” standard. Bundren v. Affiliated Nursing Homes, Inc., 649 So.2d 1177 (La.App. 3 Cir.1995).
The hearing officer’s reasons for judgment indicate clearly that she found Colston more credible than Goodly. Accordingly, she afforded more weight to the testimony of Col-ston. Additionally, the hearing officer found that Goodly’s medical complaints were not convincing. Specifically, she indicated that Goodly had an uneventful recovery and felt well enough to work for his brother. The hearing officer indicated that she did not find it entirely coincidental that Goodly quit working and returned to Dr. Walker after he was taped working. We cannot say that these credibility evaluations are manifestly erroneous.
Goodly argues that the use of the October 2,1995, date for termination of benefits is not appropriate because no evidence as to disability is associated with that date. This is true. The hearing officer could have referred to Dr. Gorin’s November 4, 1994 discharge report or to Dr. Walker’s release of November 7,1994, or perhaps the November 18, 1994 observation of Goodly working for his brother; or even the February 1995 visit to Dr. Walker, which reiterated Goodly’s ability to work and which was followed by six months without treatment. Any one of these dates would have provided the correlation between termination of benefits and evidence of ability to work which Goodly argues should be required. However, the hearing officer’s use of Colston’s October 2, 1995 job offer is later than any of these dates. Furthermore, Goodly declined the job offer based on being on medication prescribed in relation to his September 1995 automobile accident. Under these circumstances, the hearing |sofficer was very generous and clearly not manifestly erroneous in finding that Goodly’s benefits should be terminated as of October 2,1995.
Finally, Goodly argues that even if he is not entitled to total temporary benefits due to his' substantial pain, he is entitled to supplemental earnings benefits. The hearing officer indicated that if Goodly had accepted *698 the job offer and been unable to work, her evaluation of Colston’s credibility and Goodly’s medical condition might have been different. That did not happen. Goodly did not attempt to return to work and the only medication he is taking for his alleged pain is the Tylenol 3 prescribed for injuries sustained in the automobile accident. Under these circumstances, it was not error for the hearing officer to conclude that Goodly is no longer disabled due to his work-related injury, and therefore, not entitled to total temporary disability or supplemental earnings benefits.
CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs of this appeal are taxed to claimant, Obery Goodly.
AFFIRMED.