STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-691

HOUSTON FREEMAN, JR.

VERSUS

WEST FRASER, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF GRANT, NO. 11-09477
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.

John Craig Jones
Attorney at Law
131 Hwy 165 South
Oakdale, LA 71463
(318) 335-1333
COUNSEL FOR PLAINTIFF-APPELLEE:
      Houston Freeman, Jr.

John Joseph Rabalais
Heather W. Blackburn
Rabalais, Unland  & Lorio
200 Caroline Court
Covington, LA 70433
(985) 893-9900
COUNSEL FOR DEFENDANT-APPELLANT:
      West Fraser, Inc.

**PICKETT, Judge.**

West Fraser, Inc. appeals a judgment of the trial court finding Houston Freeman sustained a compensable injury and awarding workers' compensation benefits, penalties, and attorney fees.

## STATEMENT OF THE CASE

Freeman suffered a contusion to his hip when he fell at work on December 28, 2010. His doctor released him to light-duty work in late February 2011. West Fraser offered him a position as a security guard checking in trucks beginning on March 7, 2011, where he only had to do limited walking. Freeman worked twelve hours the first day, and then four hours on the next day before he claimed the pain to his hip was too great to continue. West Fraser offered him a position where he had to do no walking, but Freeman never replied to their offer. Freeman claimed he never received notice of the new position but told his cardiologist that he suffered heart problems because of the stress associated with his employer calling him back to work. His cardiologist indicated he was unable to work from March 24, 2011 through May 17, 2011, due to shortness of breath and chest pain. West Fraser cut off Freeman's benefits effective March 2, 2011.

On May 3, 2011, Dr. Mark Dodson, Freeman's treating physician for his hip injury, indicated in response to a query that he agreed with the opinion of a second doctor that Freeman's hematoma to his hip had completely resolved. He also agreed with the suggestion of a work-hardening program. Dr. Dodson also prescribed treatment for Freeman with a pain management specialist. Freeman eventually completed the work-conditioning program. On September 19, 2011, Dr. Dodson stated that Freeman had reached maximum medical improvement. He

began treating with a pain management specialist in January 2012, continuing through October 2012.

The workers' compensation judge (WCJ) found that Freeman suffered a workplace injury on December 28, 2010. The WCJ awarded temporary total disability (TTD) benefits from March 2, 2011 through September 19, 2011, and supplemental earnings benefits (SEB) from September 20, 2011. The WCJ found that West Fraser was responsible for the pain management treatment prescribed by Dr. Dodson. The WCJ found that Freeman did not commit fraud by giving false information for the purpose of receiving benefits. Finally, the WCJ assessed a penalty of $4,000.00 against West Fraser for terminating Freeman's benefits on March 2, 2011, and additionally awarded $15,000.00 in attorney fees. West Fraser now appeals.

## ASSIGNMENTS OF ERROR

On appeal, West Fraser asserts five assignments of error:

1. The workers' compensation judge erred in awarding Freeman temporary total disability benefits from March 2, 2011, through September 19, 2011.

2. The workers' compensation judge erred in holding that Freeman was entitled to supplemental earnings benefits starting September 20, 2011.

3. The workers' compensation judge erred in failing to find Freeman was entitled to pain management treatment.

4. The workers' compensation judge erred in failing to find Freeman violated La.R.S. 23:1208.

5. The workers' compensation judge erred in awarding penalties and attorney fees.

2

## DISCUSSION

The WCJ's finding that Mr. Freeman suffered a workplace injury on December 28, 2010, is not in dispute. The question posed by West Fraser is whether the workplace injury, a deep contusion of his left hip, caused Freeman to become temporarily totally disabled.

Louisiana Revised Statutes 23:1221(1)(c) states, in pertinent part:

[C]ompensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.

The WCJ found that Freeman met this burden of proof and awarded TTD benefits from March 2, 2011 through September 19, 2011. We review the finding of the WCJ under the manifest error standard of review. *Arnold v. Cavanaugh Aviation*, 95-433 (La.App. 3 Cir. 10/4/95), 663 So.2d 329. In order to prove a matter by clear and convincing evidence, a claimant must demonstrate that the existence of a disputed fact is much more probable than its nonexistence. *Bundren v. Affiliated Nursing Homes, Inc.*, 94-808 (La.App. 3 Cir. 2/1/95), 649 So.2d 1177. After reviewing the record in its entirety, we find the WCJ committed manifest error in finding Freeman proved that the contusion to his hip caused him to be temporarily totally disabled after March 2, 2011. While the evidence shows that he was in pain because of his injury, his physician released him to light-duty work in late February 2011. West Fraser attempted to provide Freeman with a light-duty position on March 7, 2011, and then modified the position when Freeman claimed he could not walk the short distances required of him because of the pain. The

record does show that Freeman could not work from March 24, 2011 through May 17, 2011, because of an unrelated heart condition. On May 3, 2011, even Dr. Dodson, Freeman's treating physician, believed that the contusion had resolved. We note also that the record shows that Freeman applied for social security disability benefits because of his other health problems. Taken as a whole, we find Freeman did not meet his burden of proving by clear and convincing evidence that he was entitled to TTD benefits because of the injury he sustained to his hip.

We further find that the evidence shows that Freeman was not entitled to SEB either because of his injury. Freeman has shown no inclination to seek employment, either with West Fraser or with another company, since he walked off the job on March 8, 2011.

Our finding that Freeman is not entitled to workers' compensation benefits leads us to further conclude that West Fraser was not arbitrary and capricious in terminating Freeman's benefits. Thus, we reverse the award of penalties and attorney fees.

Dr. Dodson and the employer's choice of doctor and the IME physician disagreed about whether Freeman was entitled to pain management treatment. We find that the WCJ did not commit manifest error in finding the treatment necessary. We affirm the judgment of the WCJ on this issue.

We also find that the WCJ did not err in finding that Freeman did not commit fraud so as to forfeit benefits pursuant to La.R.S. 23:1208. He told several different stories at different times about how the injury occurred and the severity of it. He often seemed to exaggerate his symptoms to the medical professional treating him. We agree with the WCJ, though, that there was no intent to defraud.

## CONCLUSION

4

The judgment of the WCJ awarding TTD benefits, SEB, and penalties and attorney fees is reversed.  The judgment of the WCJ ordering West Fraser to pay for pain management treatments is affirmed, as is the judgment finding Freeman did not commit fraud.  Costs of this appeal are assessed in equal parts to West Fraser and Freeman.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**