657 So.2d 121 (1995)
The STATE of Louisiana in the Interest of Clarence BROUSSARD, Jr.
No. 94-1613.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1995.
*122 Leah Antoinette Beard, Lafayette, for La. D.H.H.R.
Thomas James Frederick, Abbeville, for Clarence Broussard Jr. (Child).
Ronald Melebeck, Abbeville, for Theresa Doucet (Mother).
Before DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
This is an appeal by the mother, Theresa Doucet from a judgment terminating parental rights regarding her son, Clarence Broussard, Jr. For the reasons that follow, we affirm.

FACTS
On October 29, 1991, an instanter order was issued in this matter, on the basis of allegations of physical abuse and lack of proper supervision. The substance of these allegations was that Clarence Broussard, Jr. was not being properly supervised and reported being hit by his mother with a fist, pool stick and mop. Clarence had previously been placed with relatives but that situation presented problems as well. On December 19, 1991, custody of Clarence was awarded to the State. He was approximately eight years old at the time. On September 16, 1992, Clarence Broussard, Sr. executed an act of surrender and his parental rights are therefore not at issue.
A case plan was established for reunification of the family, requiring Doucet to attend substance abuse counseling, attend Alcoholics Anonymous, obtain a psychological evaluation, attend parenting classes, and continue visits with the child. Ann Gary, the case manager, testified that Doucet was not cooperative in the completion of the case plan. Doucet would attend visits with her child, but would focus on her daughter rather than Clarence. In addition, she would behave inappropriately during visits and in one instance threatened suicide if the child was not returned.
Doucet attended parenting classes only after being held in contempt of court and refused to recognize that her behavior affected her children. Over a three year period, Doucet attended only 10 Alcoholics Anonymous sessions. In addition, she attended only two substance abuse appointments in 1991, and later participated for only four months in 1993, at one point turning down available inpatient treatment. In addition, during the period of separation, Doucet was convicted *123 twice for O.W.I. and admitted to and tested positive for the use of marijuana.
In May of 1994, the State filed a petition for termination of parental rights. A hearing was held and the trial judge granted the petition. Doucet appeals.

DISCUSSION
Louisiana Children's Code Article 1035 provides that in order to terminate parental rights, the facts alleged by the State must be proved by clear and convincing evidence. Louisiana Children's Code Article 1015 provides in pertinent part:
The grounds set forth in the petition must meet all of the conditions of any one of the following Paragraphs:
* * * * * *
(4) Prior adjudications as a child in need of care
(a) One year has elapsed since a child in need of care adjudication.
(b) The parent is unfit to retain parental control.
(c) The parent has shown no significant, substantial indication of reformation, and there is no reasonable expectation of his reformation in the foreseeable future.
(5) Prior adjudication as a child in need of care and removal from parental home
(a) One year has elapsed since a child was removed from the parent's custody pursuant to a court order in a child in need of care proceeding and placed either in the custody of an agency or individual.
(b) The parent is now unfit to retain parental control, and there is no reasonable expectation of his reformation in the foreseeable future.
(c) The department has made every reasonable effort to reunite the child with his parents to no avail, but now recommends that reunification would not be in the best interests of the child.
* * * * * *
On appeal, Doucet contends that the trial court erred in terminating her parental rights because the State failed to carry its burden of proof. Specifically, Doucet alleges that the State failed to prove that she had shown no substantial indication of reformation. We disagree.
The trial court found that the State had carried its burden of clear and convincing evidence. In matters requiring determinations of credibility, allocation of weight to testimony and factual determinations as to fitness, reformation, and reasonableness of the department's actions, the trial court is in the best position to make such findings. Therefore, the findings of the trial court will not be disturbed on appeal absent a showing of manifest error. State in the Interest of V.T., 609 So.2d 1105 (La.App. 2 Cir.1992), writ denied, 614 So.2d 1269 (La.1993).
Although the termination of parental rights is a severe and terminal action, we are satisfied that the trial court was correct in determining that the State has carried its burden of proof. The evidence is clear that the elements of Louisiana Children's Code Article 1015(4) have been satisfied. Clarence was adjudicated a child in need of care nearly three years before the petition for termination was filed. The evidence is also clear that Doucet is unfit to retain parental control. Dr. Alfred Buxton, a clinical psychologist, noted that Doucet poses an above average risk of abuse and neglect and that no improvement is foreseeable. Finally, reformation requires that a parent demonstrate a significant, substantial change, such as altering or modifying, in a significant, substantial way, the behavior which served as the basis for, and resulted in the State's removal of the child from the home. State in the Interest of Four Minor Children v. D.W., 585 So.2d 1222 (La.App. 2 Cir.1991). Given Doucet's lack of compliance with the case plan for reunification, we cannot say that the trial judge erred in finding that she has not shown any significant, substantial indication of reformation and there is no reasonable expectation that she will reform in the future.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this *124 appeal are assessed against appellant, Theresa Doucet.
AFFIRMED.
AMY, J., dissents.