NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-674

STATE IN THE INTEREST
OF K.B. & A.B.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 2004 JU 146
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

Debra Keigh Basile
825 Kaliste Saloom Road
Brandywine I, Suite 218
Lafayette, LA 70508
(337) 262-5955
Counsel for Appellee:
        State of Louisiana,
        Department of Social Services

Nicole M. Guidry
Attorney at Law
124 North State Street, Suite 300
Abbeville, LA 70510
(337) 740-8885
Counsel for Appellant:
        J. B.

**DECUIR, Judge.**

This is an appeal by the mother, J.B., from a judgment terminating parental rights regarding her children, K.B. and A.B. For the reasons that follow, we affirm.

**FACTS**

On July 29, 2004, an instanter order was issued in this matter, on the basis of allegations of physical and sexual abuse and lack of proper supervision. The substance of these allegations was that the children were not being properly supervised in that they were being left with their uncle, C.B., who has a history of sexual and physical abuse and who failed to promptly report an incident of sexual abuse of the children which he witnessed by another uncle. C.B. and J.B. were in an intimate relationship at the time. On November 3, 2004, the children were adjudicated in need of care.

A case plan was established for reunification of the family, requiring J.B. to attend counseling sessions at the Sexual Abuse Recovery Center, obtain a psychological evaluation, attend parenting classes, discontinue contact with C.B., provide support, and continue visits with the children. Nicole Poiencot, the child protection investigator, testified that J.B. was reported to be continuing a relationship with C.B., did not complete either her SARC counseling or her parenting classes, and only made a minimal contribution to the support of her children. The report of the Court Appointed Special Advocate Association of Acadiana confirmed this testimony.

In December of 2005, the State filed a petition for termination of parental rights. The father stipulated to the termination. A hearing was held and the lower court granted the petition with regard to J.B. J.B. appeals.

## DISCUSSION

J.B. contends that the lower court was clearly wrong in finding that she had failed to substantially comply with her case plan. We disagree.

Louisiana Children's Code Article 1015 sets forth the grounds for the involuntary termination of parental rights. Pertinent to the case before us is the fifth of these enumerated grounds:

> Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

Under La.Ch.Code art. 1035, the State must prove "each element of a ground for termination of parental rights by clear and convincing evidence." Article 1036(C) describes the type of evidence necessary to prove the specific ground specified in Article 1015(5), the lack of parental compliance with a case plan.

This court has previously discussed the standard of review in cases such as the one at bar:

> The trial court found that the State had carried its burden of clear and convincing evidence. In matters requiring determinations of credibility, allocation of weight to testimony and factual determinations as to fitness, reformation, and reasonableness of the department's actions, the trial court is in the best position to make such findings. Therefore, the findings of the trial court will not be disturbed on appeal absent a showing of manifest error.

*State in the Interest of Broussard*, 94-1613, p.3 (La.App. 3 Cir. 5/3/95); 657 So.2d 121, 123.

We have reviewed the record in great detail and with high regard for J.B.'s parental rights. Our review of the record reveals that the State did meet its burden of

2

proof with clear and convincing evidence. More than one year has elapsed since the children were removed from their parents; there has been no substantial compliance with the OCS case plan; and given her psychological evaluation, there is no reasonable expectation of significant improvement in J.B's condition or her conduct. Accordingly, we find no error in the lower court's judgment.

## DECREE

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, J.B.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.